**Arnold J. GITOMER and Hub Music Productions, Inc., Plaintiffs,**

v.

**Alan P. ROSEFIELDE, Defendant.**

Civ. A. No. 89–2233.

United States District Court, D. New Jersey.

Oct. 23, 1989.

Barry I. Fredericks, Englewood Cliffs, N.J., for plaintiffs.

Edwin R. Alley, Carpenter, Bennett & Morrissey, Newark, N.J., for defendant.

WOLIN, District Judge.

Defendant has moved before this Court for an order quashing service of process and dismissing plaintiffs' complaint for lack of personal jurisdiction. The issue the Court will address is whether there are sufficient "minimum contacts" between the defendant and the State of New Jersey to support the assertion of in personam jurisdiction over defendant by this Federal District Court sitting in New Jersey. The Court concludes that there are insufficient contacts; therefore, defendant's motion to quash personal service and dismiss for lack of personal jurisdiction will be granted.

## I. BACKGROUND

This action arises out of plaintiffs' investment in a New York general partnership known as 230 Central Park South Associates ("CPSA"). CPSA was formed in 1980 for the purpose of "owning, building upon, altering, repairing, leasing, and otherwise dealing with the land and premises known as 230 Central Park South, New York, New York ["the property"]." Complaint, ¶ 6. Plaintiffs allege that defendant Rosefielde, as managing general partner, collected monies on behalf of the partnership and "arbitrarily, capriciously, and improperly withheld from, and refused to pay" certain monies due to plaintiffs in respect to plaintiffs' investment in CPSA. Complaint, ¶¶ 12, 15, 21. Plaintiffs also allege that they have been denied a "true, complete, and correct accounting of the affairs of [CPSA]." Complaint, ¶¶ 25–26. Plaintiffs' third cause of action alleges that Rosefielde breached his fiduciary duties because of his participation in the sale of the property to W.T. Associates ("WTA"), a New York general partnership, and asks this Court to order defendant Rosefielde to account to plaintiffs for all monies received in respect to that transaction and the coop conversion which took place after the sale. Complaint, ¶¶ 29–34.

## II. DISCUSSION

In cases where the defendant has properly raised a jurisdictional defense, "the plaintiff bears the burden of demonstrating contacts with the forum state sufficient to give the court in personam jurisdiction." *Time Share Vacation v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 63 (3d Cir.1984) (quoting *Compagnie des Bauxites de Guinee v. L'Union*, 723 F.2d 357, 362 (3d Cir.1983)). A federal district court sitting in diversity jurisdiction may assert personal jurisdiction over a non-resident defendant to the extent permitted by the long-arm statute of the forum state. *See* Fed.R.Civ.P. 4(e). The applicable long-arm statute, N.J.Ct.R. 4:4–4, permits personal jurisdiction over a non-resident defendant to the extent allowed by the Due Process Clause of the Fourteenth Amendment. *DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280, 284 (3d Cir.),

*cert. denied*, 454 U.S. 1085, 102 S.Ct. 642, 70 L.Ed.2d 620 (1981); *Charles Gendler & Co. v. Telecom Equipment Corp.*, 102 N.J. 460, 469, 508 A.2d 1127, 1131 (1986). Thus, this Court's inquiry is limited to whether personal jurisdiction over defendant Rosefielde comports with the Due Process Clause itself. *Carty v. Beech Aircraft Corp.*, 679 F.2d 1051, 1058 (3d Cir.1982); *DeJames*, 654 F.2d at 284.

 In light of the "traditional notions of fair play and substantial justice" inherent in the Due Process Clause, a state may exercise personal jurisdiction over a non-resident defendant only if there are sufficient "contacts" between defendant and the forum state. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). In order for an individual's contacts with a forum state to constitute the requisite "minimum contacts," the connection with the forum state must be sufficient so that the individual " 'should reasonably anticipate being haled into court there.' " *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295, 100 S.Ct. 559, 566, 62 L.Ed.2d 490 (1980)). Implicit in the requirement of minimum contacts is the necessity that there be some act or acts by virtue of which defendant has purposely availed himself of the benefits and protections of the laws of the forum state. *Burger King*, 471 U.S. at 474–76, 105 S.Ct. at 2174–75.

*Burger King* delineates a two-part analysis to resolve the Due Process issues. First, the Court must determine whether minimum contacts exist. Second, the Court must consider several "other factors" to determine whether the assertion of jurisdiction would comport with the concepts of fairness and justice inherent in the Due Process Clause. 471 U.S. at 476–77, 105 S.Ct. at 2184.

A person or entity having a continuous and systematic relationship with a state may be subject to "general" jurisdiction. That person or entity will be amenable to

service of process for any and all claims against him. On the other hand, as long as a cause of action arises out of a defendant's contacts with the forum state, defendant may be subject to "specific" jurisdiction arising out of those specific contacts, even in the absence of general and sustained contacts. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–15 & nn. 8–9, 104 S.Ct. 1868, 1872 & nn. 8–9 (1984).

## A. *Minimum Contacts*

■ The Court will first examine defendant's contacts with New Jersey in order to determine whether general jurisdiction may be asserted and then will discuss whether, in the absence of general jurisdiction, certain contacts might support the assertion of specific jurisdiction against defendant. For this Court to assert general jurisdiction, defendant's contacts with New Jersey must be continuous and systematic such as to indicate that defendant could reasonably anticipate being haled into court in New Jersey. In the case of specific jurisdiction, it is enough that the action before this Court has grown out of the contacts that defendant has had with the forum state.

### (1) General Jurisdiction

Plaintiff Gitomer alleges that defendant is the President and owner of R & G Holdings, Inc., the corporate general partner of Field Properties and that since 1982, defendant has controlled and operated Field Properties. Plaintiff alleges that Field Properties is a New Jersey limited partnership that has marketed investment interests to New Jersey residents. *See* Gitomer Aff., ¶ 3. Defendant admits that Field Properties is a New Jersey partnership and that he is President of R & G Holdings, Inc., the corporate general partner, however, defendant alleges that R & G Holdings, Inc. is owned by Plumrose Company, Inc., a corporation which defendant controls. Rosefielde Reply Aff., ¶ 3. Defendant alleges that Field Properties has never had an office, a telephone listing, or any marketing activity in New Jersey. *Id.* Defendant alleges before this Court that Field

Properties was formed in plaintiff Gitomer's law office in New York City and that plaintiff's purchase of his partnership interest occurred there. *Id.*

Plaintiffs allege that defendant "marketed and sold investment interests in [other] out-of-state partnerships to New Jersey residents." Gitomer Aff., ¶ 4. Defendant responds to this allegation by stating that at the time of the sale of a CPSA partnership interest to Mr. Paul Leeman, who the plaintiffs identify as a New Jersey resident, Mr. Leeman resided at Park Avenue and 61st Street in Manhattan and purchased the interest in New York. Rosefielde Reply Aff., ¶ 4. Plaintiffs allege that defendant Rosefielde marketed and sold partnership shares in Songbird II, Ltd., a Florida limited partnership, to numerous New Jersey residents. Gitomer Aff., ¶ 4. Defendant alleges that he "never met or spoke to any of these investors prior to their investment in Songbird II, Ltd. As a matter of fact, I have not met or spoken to these people more than once or twice in 10 years and that was in a meeting they all attended in New York City. Mr. Gitomer was the sole marketeer of these interests to these New Jersey residents." Rosefielde Reply Aff., ¶ 4.

Plaintiffs also allege that defendant solicited the New Jersey investors to personally assume obligations of the different partnerships. Gitomer Aff., ¶ 5. However, plaintiffs fail to mention that the investors had signed these personal guarantees as part of their investment in the various partnerships and that regardless of any subsequent action on the part of defendant Rosefielde they would have been obligated to the various creditors of the partnerships on their guarantees. Rosefielde Reply Aff., ¶¶ 5–6. It is uncontroverted that defendant Rosefielde used the mails to send materials concerning the various partnership ventures into New Jersey to investors in New Jersey. Gitomer Aff., ¶ 6. However, merely using the mails to send information to investors in New Jersey without any other New Jersey contact would hardly constitute the purposeful availing of the benefits of a forum state's law which

would lead to a reasonable expectation of being haled into court in that forum state.

The last allegation which plaintiffs contend supports an assertion of general jurisdiction by this Court is defendant's participation in two antitrust actions before the Federal District Court for the District of New Jersey which are unrelated to this action. Gitomer Aff., ¶ 7. One action was filed in the District Court in New Jersey because one of the defendants was located in New Jersey. The other action was originally filed in the Central District of California and transferred to New Jersey for consolidation. Rosefielde Aff., ¶ 21. Defendant's use of the federal courts in New Jersey on those two occasions is not relevant in the determination of whether this Court should exercise its jurisdiction over defendant in this occasion because it does not indicate that defendant purposefully availed himself of the protection of the laws of the state of New Jersey. This Court finds that plaintiffs have failed to meet their burden of demonstrating contacts with the forum state such as to satisfy the requirements of the Due Process Clause. Plaintiffs' allegations as to the contacts of defendant have failed to show any jurisdictionally relevant connection between defendant and the forum state. Therefore, only if plaintiffs can show contacts between defendant and the forum which arise out of the transactions at issue satisfying the requirements for specific jurisdiction will this Court be able to exercise jurisdiction over the defendant.

(2) Specific Jurisdiction

The claims asserted against defendant Rosefielde all concern the affairs of two partnerships, CPSA and WTA, both New York general partnerships which concern the property located at 230 Central Park South in New York City. None of the general partners of CPSA are New Jersey residents. Rosefielde Aff., ¶¶ 3–4. On May 27, 1980 Rosefielde entered into an agreement in New York with various investors, including plaintiffs, to sell them shares of Rosefielde's partnership interest in CPSA. *Id.* at ¶ 5. WTA was formed for the purpose of sponsoring a coop conversion at 230 Central Park South. Defendant Rosefielde ultimately controlled WTA through his control of the corporate general partner, R & G Holdings, Inc.

One of plaintiffs' claims involves the circumstances of the transfer of the ownership of the property at 230 Central Park South from CPSA to WTA. As has been recounted above, the activities surrounding the formation of these partnerships and the subsequent business transactions of these partnerships all took place in New York. The only contact which the defendant had with New Jersey in connection with these partnerships was to mail material to two investors of CPSA in New Jersey, plaintiff Gitomer and Mr. Paul Leeman. This contact alone is insufficient for the Court to exercise jurisdiction over the defendant consistent with constitutional requirements. There have been no allegations that plaintiffs' claims arise out of anything that had been mailed to plaintiffs in New Jersey. It appears that plaintiffs' claims concern the rights which were memorialized in the original agreements between the parties. These agreements were formed in New York and specifically choose New York law to govern the interpretation of the agreements and the rights of the parties to the agreements. *See* Rosefielde Aff., ¶¶ 7–9. Plaintiffs have failed to present to this Court any jurisdictionally relevant contacts between the defendant and the forum which arise out of the transactions at issue in the instant action. Therefore, this Court cannot exercise specific jurisdiction over the defendant.

B. *Consideration of Other Factors*

Having failed to find minimum contacts, this Court need not turn to the consideration of the "other factors" listed in *Burger King* to determine whether jurisdiction may be asserted within the confines of the Due Process Clause. Without sufficient minimum contacts between the defendant and the forum state to support the exercise of either general or specific jurisdiction, this Court cannot assert personal jurisdiction over defendant Rosefielde.

### III. CONCLUSION

For the reasons stated above, the Court grants defendant's motion to quash service of process and grants defendant's motion pursuant to Fed.R.Civ.P. 12(b)(2) to dismiss this action for lack of personal jurisdiction.