### Henry MOTE

v.

### ORYX ENERGY COMPANY, et al.

No. 1:94–CV–594.

United States District Court,
E.D. Texas,
Beaumont Division.

July 20, 1995.

**640**

B.J. Walter, Houston, TX, James C. Klick, New Orleans, LA, for plaintiff.

Robert Killeen, Jr., Griffin & Laser, Houston, TX, for Oryx.

Ken Kendrick, Kelly Sutter Mount & Kendrick, Houston, TX, for Daniel Webster.

### ORDER OVERRULING DEFENDANT'S OBJECTIONS AND ADOPTING REPORT OF UNITED STATES MAGISTRATE JUDGE

SCHELL, Chief Judge.

Before the court is Defendant's Motion to Dismiss, filed February 15, 1995. Defendant Webster alleges no personal jurisdiction exists over him. A response by plaintiff Henry Mote was timely filed pursuant to an extension order on April 25, 1995.

The motion was referred to a United States Magistrate Judge pursuant to Title 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate, dated July 3, 1980, for findings of fact, conclusions of law, and recommendations for disposition of the case. The Honorable Earl S. Hines, United States Magistrate Judge, issued a report on June 1, 1995, recommending the motion be denied. The Magistrate Judge reasoned that the Intercontinental Shelf region, where the accident at issue occurred, was within the purview of the Texas long-arm statute. Consequently, specific jurisdiction existed.

Defendant Webster filed objections to the Magistrate Judge's report on June 12, 1995. This court has engaged in a *de novo* review of the objections, the Magistrate Judge's report, the record, pleadings, and all other available evidence.

Defendant objects to the magistrate judge recommendation on two points, both factual and neither of which affect the substance of the recommendation nor impugn the legal conclusions of the magistrate judge. Finding the presence of personal jurisdiction over defendant Webster, it is

**ORDERED** that the objections of defendant are **OVERRULED.** The report of the magistrate judge is **ADOPTED,** and defendant Dan Webster's "Motion to Dismiss Pursuant to Rule 12(b)(2)" is **DENIED.**

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

HINES, United States Magistrate Judge.

Pending is defendant Dan Webster's motion to dismiss for lack of personal jurisdiction.

This action was referred to a United States Magistrate Judge pursuant to Title 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate, dated July 3, 1980, for findings of fact, conclusions of law, and recommendations for disposition of the case.

### I. Background

Plaintiff Henry Mote is a citizen of the State of Louisiana. Defendant Dan Webster, also doing business under the name "Energy Drilling," is a citizen of the State of Oklahoma. Defendant Oryx Energy Company ("Oryx") is a Delaware corporation conducting business in Texas.

On October 9, 1993, plaintiff was employed by Mallard Bay Drilling, Inc., as a floorman on a workover crew on an artificial federal island (a rig and platform). This platform was located on the Outer Continental Shelf, off the coast of Texas and in the Gulf of Mexico. Plaintiff sustained injuries when a swivel joint and pipe were hoisted into the air to allow the crew to connect an additional joint of pipe. The swivel joint fell onto plain-tiff, rendering him a paraplegic. Defendant Webster was present at the site of the accident and plaintiff contends defendant's negligence proximately caused his injuries.

### II. The Motion

Defendant contends an assertion of personal jurisdiction over him would offend due process. He states his contacts with the State of Texas are insufficient to overcome "minimum contacts" test articulated by the Supreme Court. *See, e.g., International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

Plaintiff argues defendant's contacts with Texas were continuous, systematic, and related to the cause of action and therefore, both specific and general jurisdiction exist. Plaintiff argues these contacts constitute "doing business" within the state.

(1) Webster's presence on the Oryx platform and rig on October 9, 1993 was the result of a written agreement between Webster and Oryx, a corporation doing business in Texas;

(2) Webster communicated daily with Oryx personnel located in Texas via telephone and/or computer;

(3) All invoices covering work performed by Webster for Oryx were submitted to a Texas address pursuant to contract;

(4) Webster traveled through Texas in connection with his contract with Oryx, utilizing both highways and airspace;

(5) Webster spent the night in Texas hotels and motels before being transported to the Oryx platform;

(6) Webster made generic consumer purchases within the State of Texas; and

(7) Webster placed one or more advertisements for Energy Drilling in publications that are distributed to Texas locations.

### III. Discussion

Once a motion to dismiss for lack of personal jurisdiction has been presented to a district court by a nonresident defendant, the party who seeks to invoke the jurisdiction of the district court bears the burden of establishing contacts by the non-resi-

dent defendant sufficient to invoke the jurisdiction of the court.

*WNS, Inc. v. Farrow,* 884 F.2d 200, 203 (5th Cir.1989) (citing *D.J. Invs. v. Metzeler Motorcycle Tire Agent Gregg,* 754 F.2d 542, 545 (5th Cir.1985)).

■ To satisfy this burden, a plaintiff must establish a prima facie case for personal jurisdiction. *Id.* A prima facie case may be established "by alleging facts in the complaint and affidavits sufficient to establish jurisdiction over the non-resident defendants." *Caldwell v. Palmetto State Sav. Bank,* 811 F.2d 916, 917 (5th Cir.1987) (per curiam).

The Texas long-arm statute extends to the limits of federal due process. TEX.CIV.PRAC. & REM.CODE ANN. § 17.042 (Vernon 1993); *Wilson v. Belin,* 20 F.3d 644, 647 (5th Cir. 1994); *Jetco Electronic Indus. v. Gardiner,* 473 F.2d 1228 (5th Cir.1973). The statute states: "[A] nonresident does business in this state if the nonresident ... commits a tort in whole or in part in this state ..." TEX.CIV. PRAC. & REM.CODE ANN. § 17.042(2).

■ A traditional contacts analysis is unwarranted in this case. The accident occurred on the Outer Continental Shelf. The adjacent state was Texas. Artificial islands may be considered within the boundaries of the adjacent state for purposes of determining where an accident "occurred" for long-arm jurisdiction purposes. *See Hughes v. Lister Diesels, Inc.,* 642 F.Supp. 233 (E.D.La.1986). This approach is persuasive.

■ First, the Outer Continental Shelf Lands Act ("OCSLA") does not govern service of process. *See* 43 U.S.C. § 1331 *et seq.* State law governs service in an OCSLA action. *DeMelo v. Toche Marine, Inc.,* 711 F.2d 1260 (5th Cir.1983). Therefore, it is the interpretation of the statutory language *"in this state"* that determines whether jurisdiction is conferred by the statute.

■ It is not reasonable to exclude the Outer Continental Shelf from the boundaries of the State of Texas for purposes of the long arm jurisdiction. As the *Hughes* court noted, Congress adopted OCSLA for the "stated goal of promoting safety of offshore opera-

tions." *Hughes,* 642 F.Supp. at 237 (citing 43 U.S.C. § 1332(6); H.R.Rep. No. 95–590, 95th Cong., 2d Sess., *reprinted in* 1978 U.S.C.A.A.N. 1450, 1462, 1533). Defendant Webster's situation amply demonstrates that people travel from all over the United States to work in the Gulf of Mexico and off the shores of the adjacent states. To hold that these persons have not committed a tort within the state when there is no other statutory provision to govern long-arm jurisdiction would be anomalous. Such a rule would ignore both logic and reason, place a huge, unnecessary burden on the injured to serve defendants, and divest this forum from adequately interpreting the provisions of OCSLA. Therefore, Texas Civil Practice and Remedies Code section 17.042 must encompass those conducting business and committing torts on the Outer Continental Shelf when Texas is the adjacent state.

■ As a result of this analysis, "specific jurisdiction" can be exercised over defendant Webster. A federal court exercises specific jurisdiction when the suit arise out of or is related to the defendant's contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 1872 n. 8, 80 L.Ed.2d 404 (1984). The exercise of specific jurisdiction may result from a "single, substantial act directed toward the forum." *Command-Aire v. Ontario Mechanical Sales & Serv.,* 963 F.2d 90, 93 (5th Cir.1992). Because the tort occurred within the state of Texas, and the tort is the gravamen of plaintiff's action, defendant's "contact" with the State is related to the cause of action.

■ Once the "contacts" prong of the personal jurisdiction test is satisfied, the court must determine whether an exercise of jurisdiction would offend "traditional notions of fair play and substantial justice." *Asahi Metal Indus. v. Superior Court,* 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987) (plurality). Asserting jurisdiction over defendant Webster would not offend traditional notions of fair play. He traveled to Texas on several occasions to reach the platform and rig. He utilized many of the State's amenities in conjunction to traveling to his employment. He worked a mere three

miles (or less) off the Texas coast. He contracted with Oryx, a corporation with a Texas office and substantial business in Texas, and had continuous, daily contact with the corporation's Texas office. While it is arguable whether these contacts would be sufficient to obtain general jurisdiction,[1] in terms of due process it is disingenuous for defendant to argue he had no idea he could be haled into a Texas court for his activities.

### IV. Recommendation

Defendant's Motion to Dismiss should be denied.

### V. Objections

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn,* 474 U.S. 140, 148, 106 S.Ct. 466, 471, 88 L.Ed.2d 435 (1985); *Rodriguez v. Bowen,* 857 F.2d 275, 276–277 (5th Cir.1988).

Signed this 1st day of June, 1995.

---

**1.** *See, e.g., Helicopteros,* 466 U.S. at 416, 418, 104 S.Ct. at 1872–73, 1874; *Colwell Realty Invs. v. Triple T Inns,* 785 F.2d 1330 (5th Cir.1986); *Gitomer v. Rosefielde,* 726 F.Supp. 109, 111–12 (D.N.J.1989); *Wesley v. H & D Wireless Ltd. Partnership,* 678 F.Supp. 1540 (D.N.M.1987).