## FINN, Sheriff, et al. v. ROTATING VALVE CORPORATION.

District Court, S. D. New York.
Aug. 22, 1938.

Edward D. Burke, of New York City, for plaintiffs.

J. Emanuel Ankus, of New York City, for defendant.

PATTERSON, District Judge.

The question is whether a case removed to this court from the state court should be sent back.

Dixon, a resident of New York, brought an action against Rotating Valve Corporation, a Delaware corporation. The action was brought in the New York Supreme Court, Queens County, to recover alleged salary of $5,000. While the cause was plainly a removable one, Rotating Valve Corporation took no steps to remove the action to a federal court. It is now at issue in the state court and awaiting trial. In that action Dixon caused attachment to be levied on a bank account in Bankers Trust Company standing in the name of Rotating Valve Corporation. Bankers Trust Company did not comply with the sheriff's demand that the bank account be paid over. Dixon and the sheriff then brought an action against Bankers Trust Company, demanding judgment in favor of the sheriff for the amount of the bank account, to be held by him pending outcome of the main action. This action, like the main action, was brought in the New York Supreme Court, Queens County. It is an action in aid of attachment and is authorized by the New York Civil Practice Act, section 943. In this action Bankers Trust Company obtained an order to the effect that Rotating Valve Corporation be substituted for it as defendant. The plaintiffs then served a complaint on Rotating Valve Corporation as substituted defendant. Rotating Valve Corporation seasonably filed petition for removal of the action to this court. The plaintiffs moved for remand to the state court.

The plaintiffs submit that since the original defendant in this action, Bankers Trust Company, is a citizen of New York and could not have removed the action, a defendant brought in by substitution may not remove it, notwithstanding a complete diversity of citizenship between the plaintiffs and the single defendant now in the action. Burnham v. First National Bank of Leoti, 8 Cir., 53 F. 163, is relied on as an authority to that effect. Whether the Burnham Case is consistent with later cases involving analogous situations need not be decided, because the action must be remanded to the state court for other reasons.

The action which was removed to this court is merely one to enforce the attachment taken out in the principal suit. It is of the kind known in New York as an action in aid of attachment and in other states as garnishment or trustee process. The principal suit is between the same parties in substance; the defendant might have removed it but did not; it is still pending in the state court. The suit in aid of attachment is merely auxiliary and incidental to the main suit. It has been recognized for years that a suit or proceeding which is not an independent and separate litigation but rather a branch or appendage of another suit is not removable to the federal courts unless the primary suit is also removed. First Nat. Bank v. Turnbull, 16 Wall. 190, 21 L.Ed. 296; Flash v. Dillon, C.C.Tex., 22 F. 1; Brucker v. Georgia Casualty Co., D.C.Mo., 14 F.2d 688. It makes no difference that by New York practice a proceeding to perfect an attachment is termed an action. Pratt v. Albright, C.C.Wis., 9 F. 634.

There is another reason why the action must be remanded. The action was commenced in the Supreme Court for Queens County. Queens County is part of the territory covered by the Eastern District. By section 28 of the Judicial Code, 28 U.S.C.A. § 71, a suit brought in a state court may be removed to the United States District Court "for the proper district," and reference to section 29, 28 U.S. C.A. § 72, shows that the proper district is "the district where such suit is pending." Plainly any removal of a case brought in a state court in Queens County may be only to the Eastern District. Lee v. Chesapeake & Ohio R. Co., 260 U.S. 653, 43 S. Ct. 230, 67 L.Ed. 443. Removal to the Southern District is not permissible. It does not matter whether the statutory restriction as to the proper district be deemed a restriction on jurisdiction or a restriction on venue. The plaintiffs did not acquiesce in the attempted removal but made prompt objection. The case must be remanded.

The plaintiffs brought on a motion at the same time to strike an affirmative defense for insufficiency. Since the case is to be remanded to the state court, the motion to strike will not be considered. The order will be submitted on two days' notice.