**Michael FRANCHINO, Plaintiff,**

v.

**Carmine VALENTI, as President of Local 320, Production Sales & Service Employees Union (an unincorporated association), Defendant.**

Civ. A. No. 72 C 723.

United States District Court, E. D. New York.

Sept. 14, 1972.

I. Walter Werner, Tracy & Werner, New City, N. Y., for plaintiff.

Sanford E. Pollack, Gutterman & Pollack, Valley Stream, N. Y., for defendant.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiff has moved to have this case remanded to the New York State Supreme Court for Rockland County where he initially instituted the action. The defendant, a labor union sued in the name of its president, Carmine Valenti, who filed a petition for removal of the case to this court, opposes the motion.

For the reasons which follow, plaintiff's motion is granted and the case is remanded.

Plaintiff's moving papers disclose that he resides in Rockland County and is employed as a watchman in a local factory. He also acts as a rubbish collector for a school district in the Town of Orangetown in Rockland County, for which he receives compensation totaling $8,040 per year. The collection and disposal of the rubbish are all within Rockland County and involve no interstate travel or commerce.

Plaintiff avers that he brought this action for a declaratory judgment in the Rockland County Supreme Court to establish that he had not entered into a collective bargaining agreement with the defendant union, which claims to represent employees of refuse carting concerns in the area. A copy of the agreement in question is annexed as an exhibit to the affidavit of defendant's attorney in opposition to the motion to remand. The agreement, dated November 18, 1969, discloses on its face that it is between "Refuse Carting Association of Rockland County, Inc." of New City, N. Y., as "Employer", and defendant union "located at 225 Lafayette St., N.Y., N. Y., or 107 Route 9W, Congers, New York." The agreement is signed "For the Association" by one Joseph Tarulli, as president, and by Carmine Valenti as president of the union. An attached page following those signatures bears signatures of various individuals, including plaintiff, for themselves or on behalf of companies engaged in the refuse carting business and presumably members of the association. Plaintiff claims he never signed the agreement and the appearance of his signature is the result of a fraudulent transposition of the attached page from another document.

In moving to remand, plaintiff contends that an action pending in the Rockland County Supreme Court can be removed only to the United States District Court for the Southern District of New York and that its removal to this court is patently improper. This is cer-

tainly generally the case as prescribed by statute, 28 U.S.C. § 1441(a).

Defendant argues, however, that this action involves a claim under the laws of the United States, i. e., a labor dispute between the parties, of which this court has original jurisdiction pursuant to the Labor Management Relations Act, 29 U.S.C. § 185, so that the case is removable to this district under § 185(c) of that Act, which reads:

> (c) For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization . . . (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members.

Defendant's affidavit asserts that it has an office and represents employees in the Eastern District as well as in the Southern.

While not clearly articulated by defendant or supported by any authority except the bare words of the foregoing provision, defendant's contention seems to be that § 185(c) is an "otherwise expressly provided" exception to the removal statute, 28 U.S.C. § 1441(a). The difficulty with such a contention is that the Supreme Court long ago settled the rule that "[t]he venue of removed actions is governed by 28 U.S.C. (Supp. V) § 1441(a) . . . ." Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665, 73 S.Ct. 900, 902, 97 L.Ed. 1331 (1953).

 Section 185(c), despite its "Jurisdiction" subtitle, has uniformly been held to be but a venue provision.

United Rubber, Cork, Linoleum and Plastic Workers of America, AFL–CIO, Local 102 v. Lee Rubber & Tire Corp., 394 F.2d 362, 364 (3 Cir.), cert. denied, 393 U.S. 835, 89 S.Ct. 108, 21 L.Ed.2d 105 (1968); Dixie Carriers, Inc. v. National Maritime Union of America, AFL–CIO, 35 F.R.D. 365, 369 (S.D.Tex. 1964). See also, Denver & Rio Grande Western Railroad Co. v. Brotherhood of Railroad Trainmen, 387 U.S. 556, 562, 87 S.Ct. 1746, 18 L.Ed.2d 954 (1967). As 29 U.S.C. § 185(a) makes clear, § 185(c) prescribes the venue for suits under the Labor Management Relations Act "brought in any district court of the United States having jurisdiction of the parties." Apposite is the Supreme Court's remark in Polizzi, supra, 345 U.S., at 666, 73 S.Ct. at 902: "This action was not 'brought' in the District Court, nor was [defendant] 'sued' there; the action was brought in a state court and removed to the District Court" (emphasis the Court's). Consequently this action could only have been removed to the District Court for the Southern District of New York, 28 U.S.C. §§ 1441(a), 1446(a).

Plaintiff having timely raised his objection, a remand to the Supreme Court for Rockland County is required. Willingham v. Creswell-Keith, Inc., 160 F.Supp. 741 (W.D.Ark.1958); Scarmardo v. Mooring, 89 F.Supp. 936 (S.D. Tex.1950); Finn v. Rotating Valve Corp., 25 F.Supp. 206 (S.D.N.Y.1938).[1]

Plaintiff's motion to remand this action to the State court is granted with costs and disbursements, including a reasonable counsel fee to be determined upon settlement of the order.

Settle order on notice.

---

1. This is not a proper case for considering sua sponte whether or not 28 U.S.C. § 1406(a) affords a remedy for removal to the wrong district. Absent diversity of citizenship, jurisdictional amount or federal question, there is no jurisdictional basis for transferring the case to the Southern District. Defendant cannot rely upon the allegations in its answer to transform this action into a suit under 29 U.S.C. § 185(a). Debevoise v. Rutland Railway Corp., 291 F.2d 379 (2 Cir.), cert. denied 368 U.S. 876, 82 S.Ct. 123, 7 L.Ed.2d 77 (1961).