... [truncated]

 

Miller, Hodges & Kagan, H. George Kagan, Miami, Fla., for petitioners.

Elizabeth A. Celis, U.S. Dept. of Labor, Washington, D.C., for Director, Office of Workers' Compensation Programs.

D. Culver Smith, III, Steel, Hector, Davis, Burns & Middleton, Palm Beach, Fla., for Tarner.

## TRANS–STATE DREDGING, et al., Petitioners,

v.

## David E. TARNER, and Director, Office of Workers' Compensation Programs, Respondents.

### No. 81–5175.

United States Court of Appeals, Eleventh Circuit.

Jan. 10, 1983.

Before HATCHETT and ANDERSON, Circuit Judges, and INGRAHAM,* Senior Circuit Judge.

PER CURIAM:

Under § 21(c) of the Longshoremen's and Harbor Workers' Compensation Act ("LHWCA") [33 U.S.C.A. § 921(c) (West 1978)], any person affected by a final order of the Benefits Review Board ("Board") "may obtain review of that order in the United States court of appeals for the circuit in which the injury occurred." 33 U.S.C.A. § 921(c) (West 1978). Respondent David Tarner was injured on June 25, 1971, while working for petitioner Trans-State Dredging Company ("Trans-State") in Beaufort, South Carolina. Tarner filed a claim for benefits under the LHWCA. After the Administrative Law Judge ("ALJ") found for Tarner, the petitioners, Trans-State and Hartford Accident & Indemnity Company ("Hartford") appealed to the Board. The Board upheld the ALJ's judgment. The petitioners then sought review of the Board's order in the Court of Appeals for the Eleventh Circuit. At this point, we noted that this court may lack subject matter jurisdiction because Tarner was injured in South Carolina, which lies within the

* Honorable Joe Ingraham, U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

Fourth Circuit's territory. The parties submitted supplemental briefs addressed to this jurisdictional issue.

Courts which have analyzed § 21(c) have found the requirement to obtain review in the court of appeals for the circuit in which the injury occurred to be a matter of subject matter jurisdiction, and not simply a matter of venue. *See Dantes v. Western Foundation Corp.,* 614 F.2d 299, 300 (1st Cir.1980) (cases collected); *Pearce v. Director, Office of Workers' Compensation Programs,* 603 F.2d 763, 771 (9th Cir. 1979); *but cf. Panhandle Eastern Pipe Line Co. v. Federal Power Commission,* 324 U.S. 635, 638–39, 65 S.Ct. 821, 823–824, 89 L.Ed. 1241 (1945). We note that the Ninth Circuit, in *Pearce v. Director, Office of Workers' Compensation Programs, supra,* held that, notwithstanding its want of subject matter jurisdiction, the court had "the jurisdiction necessary to enable [the court] to make the transfer." 603 F.2d at 771. Because we find specific authority to transfer the case in the recently enacted Federal Courts Improvement Act of 1982, Pub. L. No. 97–164, § 301, 50 U.S.L.W. 77, 86 (1982) (to be codified at 28 U.S.C. § 1631), we need not address the *Pearce* issue of whether or not we have inherent power to transfer the case.

Section 301 of the new Act authorizes a court of appeals, upon finding a want of jurisdiction, to transfer "an appeal, including a petition for review of administrative action" to another court of appeals "if it is in the interest of justice."[1] The effective date of the Act is October 1, 1982. Nothing in the Act or its legislative history suggests that § 301 should not apply to cases pending on that date. Federal Courts Improvement Act of 1982, § 403; H.R.Rep. No. 312, 97th Cong., 1st Sess. 16 (1981); S.Rep. No. 275, 97th Cong., 1st Sess. 32 (1981). The

remedial purpose of the statute is best served by doing so. *See* S.Rep. No. 275, 97th Cong., 1st Sess. 11 (1981). Accordingly, we transfer this action to the Fourth Circuit.

SO ORDERED.

---

1. *Section 301 adds § 1631 to Title 28, providing that:*

    "Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such

action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."