Maria Faye PIAZZA

v.

The UPJOHN COMPANY.

Bridget Ann Misita FUGARINO

v.

The UPJOHN COMPANY.

Civ. A. Nos. 83–615–A, 83–616–A.

United States District Court,
M.D. Louisiana.

July 13, 1983.

**6**

C. John Caskey, Dué, Dodson, deGravelles, Robinson & Caskey, Baton Rouge, La., for plaintiff.

John J. Weigel, and Donna Klein, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for defendant.

JOHN V. PARKER, Chief Judge.

These consolidated actions are before the court upon motions to remand filed by plaintiffs and motions to transfer venue to the United States District Court for the Eastern District of Louisiana filed by defendant. The court's jurisdiction is purportedly founded upon diversity of citizenship.

These actions were originally filed on February 2, 1982 and November 23, 1982 respectively, in the 21st Judicial District Court for the Parish of Tangipahoa, Louisiana. Each plaintiff, a citizen of Louisiana, seeks damages from Upjohn for staining and damage to her teeth allegedly caused by ingestion of a prescription drug, trade named Panalba, marketed by Upjohn. Amended petitions were filed at a subsequent time naming four individual employees of Upjohn as defendants, all citizens of Louisiana. A second amended petition, filed February 25, 1983, and February 22, 1983, respectively, were filed in which damages in excess of $10,000 were first demanded. The petitions for removal were filed by Upjohn alone on June 7, 1983. Each removal petition states that Upjohn is a corporate citizen of a state other than Louisiana and asserts that removal is proper because the individual defendants were "fraudulently" joined and that the actions did not become removable until the jurisdictional amount was alleged. Plaintiffs object to the removal on several grounds, the first of which is dispositive—these actions were removed to the wrong federal district court. The removal statute, 28 U.S.C. § 1441 permits removal of actions filed in state courts of which federal district court have original jurisdiction, "to the district court of the United States for the district and division embracing the place where such action is pending." The procedure for removal is detailed in 28 U.S.C. § 1446(a) which requires removal to "the district court of the United States for the district and division within which such action is pending." See also *General Inv. Co. v. Lake Shore & M.S. Railway Co.*, 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244 (1922). The Middle District of Louisiana does not embrace Tangipahoa Parish, the Eastern District does, 28 U.S.C. § 98. Plaintiffs argue that this court has not acquired subject matter jurisdiction under 28 U.S.C. § 1441 and thus must remand, because 28 U.S.C. § 1447 mandates the federal district court to remand any case which has been removed "improvidently and without jurisdiction." Lacking jurisdiction, this court cannot transfer to the court of proper venue, say plaintiffs. The sole reported case which we have found upon the issue supports that position. See *Scarmardo v. Mooring*, 89 F.Supp. 936 (D.C.Tex.1956) where, in an identical situation, the court concluded that it had no jurisdiction to transfer and ordered removal.

Nevertheless, defendant asks the court to transfer the action to the Eastern District under the provisions of Section 301 of the Federal Courts Improvement Act of 1982, PL 97–164, 28 U.S.C. § 1631, effective October 1, 1982:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

The policy considerations which lead to the adoption of the statute are explained as follows:

> In recent years much confusion has been engendered by provisions of existing law that leave unclear which of two or more federal courts including courts at both trial and appellate level—have subject matter jurisdiction over certain categories of civil actions. The problem has been particularly acute in the area of administrative law where misfilings and dual filings have been common place. The uncertainty in some statutes regarding which court has review authority creates an unnecessary risk that a litigant may find himself without a remedy because of a lawyer's error or a technicality of procedure.

> At present, the litigant's main protective device, absent an adequate transfer statute, is the wasteful and costly one of filing in two or more courts at the same time. This puts increased burdens on the courts as well as on the parties.

> Although most problems in this regard relate to controversies involving the district courts and the court of appeals, there also have been cases involving the Court of International Trade, and the Temporary Emergency Court of Appeals. Therefore, the language of Part A. of Title III is broadly drafted to permit transfer between any two federal courts.

U.S.Code Cong. & Adm.News, 97th Congress, 2d Sess. 11, 21 (1982).

The statute is of such recent origin that we have found only three cases which construe it.

In *Campbell v. Office of Personnel Management,* 694 F.2d 305, the court declined to transfer an appeal from an order of the Merit Systems Protective Board. 694 F.2d 309, n. 6.

In *Slatick v. Director Office Workers Compensation Programs,* 698 F.2d 433 (11th Cir.1983), plaintiff incurred "black lung" disease while within the territorial jurisdiction of the United States Court of Appeals for the Third Circuit. After moving to Florida, he filed a claim for benefits with the Department of Labor. The claim was denied by the Benefits Review Board and plaintiff was informed by letter that he had 60 days in which to file an appeal with the Court of Appeals for the Eleventh Circuit. Plaintiff filed his appeal in accordance with the instructions in the letter and the Labor Department moved to dismiss for lack of subject matter jurisdiction based upon 33 U.S.C. § 921(c) which vests jurisdiction of appeals from final orders of the Benefits Review Board in the court of appeals for the circuit in which the injury occurred. The Eleventh Circuit concurred that it lacked jurisdiction but rather than dismiss, ordered the cause transferred to the Third Circuit upon the authority of 28 U.S.C. § 1631. The critical inquiry in *Slatick* was whether it was in the interest of justice to transfer the case. The court concluded that dismissal of the plaintiff's claim would be unjust since plaintiff would thus be precluded from appellate review as a result of the misrepresentations of the defendant. Similarly in *Trans-State Dredging v. Tarner,* 695 F.2d 505 (11th Cir.1982) the court transferred an appeal under the Longshore-

men's and Harbor Workers' Compensation Act.

Plaintiff argues that § 1631 applies only to actions originally filed in district courts or to petitions for review of administrative decisions. There is nothing in the language of the statute, its legislative history or the cases cited above to indicate that the Congress intended such a restrictive construction of remedial legislation. Such a holding would directly conflict with the purpose of the statute which is plainly designed to minimize burden, delay and expense for both the courts and litigants. Moreover, the legislative history of § 1631 indicates that the "language ... is broadly drafted to permit transfer between any two federal courts." U.S.Code Cong. & Adm.News, 97th Congress, 2d Sess. 21 (1982).

I thus conclude that § 1631 grants this court jurisdiction to transfer these actions to the proper court "if it is in the interest of justice" to do so.

Since the Eastern District of Louisiana embraces Tangipahoa Parish that is a court in which "the action ... could have been brought at time it was filed" and is, therefore a proper court.

By 28 U.S.C. § 1441, the Congress has granted a defendant the right to remove from state to federal court in certain clearly specified circumstances. Upjohn wishes to avail itself of this right and, but for a procedural error, would be entitled to have a federal court pass upon its claim that it meets the statutory requirements for removal. If the cases are remanded to state court, the defendant must suffer the burden and expense of refiling its removal petitions which, even if jurisdictionally valid, may then be untimely. Under these circumstances, remand would be procedurally proper but, as a practical matter, this court lacks jurisdiction to pass upon the merits of defendant's claim of "fraudulent" joinder. Although the Eastern District may ultimately conclude that the individual defendants were not properly joined and order remand, that possible result should not color this court's decision. It is in the interest of justice to secure federal adjudi-

cation of defendant's claim of "fraudulent" joinder and that may be accomplished only by transferring these actions to the Eastern District.

Accordingly, the defendant's motion to transfer these actions to the United States District Court for the Eastern District of Louisiana is GRANTED.