Joshua **WESLEY** and
**Sunspot, Plaintiffs,**

v.

**H & D WIRELESS LIMITED PART-
NERSHIP, Joel M. Hartstone, and
Steve Wodlinger, Defendants.**

**Civ. No. 87–0123–JB.**

United States District Court,
D. New Mexico.

July 24, 1987.

---

Randal W. Roberts, Farlow, Simone, Roberts & Weiss, Albuquerque, N.M., for plaintiffs.

Lyman G. Sandy, Miller, Stratvert, Torgerson & Schlenker, Albuquerque, N.M., for defendants.

1. Section 38–1–16 NMSA 1978 provides in pertinent part:

    A. Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the juris-

## MEMORANDUM OPINION AND ORDER

BURCIAGA, District Judge.

THIS MATTER comes before the Court on Defendants' motion to dismiss, or in the alternative to transfer this case to the United States District Court for the District of Connecticut. The Court, having reviewed the pleadings, the evidence of record and the relevant law, finds that Defendants' motion to transfer is well taken and will be granted.

This case arises out of the sale of a Sperry computer and accounting system by Plaintiff Wesley, a New Mexico resident, and Sunspot, a New Mexico partnership, to Defendants, H & D Wireless Ltd., a Connecticut corporation, and Joel Hartstone and Steve Wodlinger, Connecticut residents. In an action filed August 13, 1986, in Connecticut state court, which was later removed to the Connecticut United States District Court, H & D Wireless Ltd. filed suit against the Plaintiffs in the instant case, Sunspot and Joshua Wesley, for alleged breach of contract. In that action, the Defendants moved to dismiss for lack of personal jurisdiction. By Order of February 24, 1987, the Connecticut court denied that motion.

This action was filed November 21, 1986, in New Mexico state court, and later removed to this Court. Plaintiffs allege that Defendants breached the same contract that is the subject of the above-mentioned lawsuit currently pending in Connecticut. Defendants move to dismiss this suit on the basis that this Court lacks personal jurisdiction over them, or, in the alternative, move to transfer this action to Connecticut.

*Personal jurisdiction*

    █ If jurisdiction is to be obtained over the Defendants in this case under Rule 4(e), it must be done pursuant to the New Mexico long-arm statute, § 38–1–16 NMSA 1978.[1] Specifically, Plaintiffs seek to as-

diction of the courts of this state as to any cause of action arising from:

    (1) the transaction of any business within this state;

    .    .    .    .    .

    C. Only causes of action arising from acts enumerated in this section may be asserted

sert jurisdiction over Defendants based on the "transaction of any business" in the state of New Mexico by Defendants. The New Mexico courts have repeatedly equated the "transaction of business"—insofar as the acquisition of long-arm jurisdiction under the New Mexico statute is concerned—with the due process standard of "minimum contacts" sufficient to satisfy the "traditional notions of fair play and substantial justice" announced in *International Shoe Co. v. State of Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1943); *Telephonic, Inc. v. Rosenblum,* 88 N.M. 532, 534, 543 P.2d 825 (1975); *Diamond A Cattle Co. v. Broadbent,* 84 N.M. 469, 505 P.2d 64 (1973). Thus, to justify haling them into court in this state, Defendants must have "minimum contacts" with New Mexico. If such contacts take the form of business transacted by them here, such transaction of business, to constitute the required jurisdictional nexus, must be related to the cause of action here asserted against Defendants.[2]

With these principles in mind, the Court must consider whether these Defendants' contacts with New Mexico satisfy the due process inquiry. The only contacts which Defendants are alleged to have had with New Mexico in connection with the business transaction here at issue consist of their use of the mails and telephone in contacting Plaintiffs, in response to Plaintiffs' solicitations of business in Connecticut, and in subsequently purchasing a computer system from Plaintiffs. From these contacts alone, it is difficult to find that Defendants "purposely availed" themselves of the benefits and protections of the laws of New Mexico, merely by responding to the solicitations of a seller who, incidentally to the transaction be-

tween the parties, happened to be located in this state.[3] This scenario should be contrasted with the situation discussed by the court in the companion Connecticut case. In that action, Defendants (plaintiffs in this case) actively solicited business in the state of Connecticut, thus subjecting them to the jurisdiction of the Connecticut court pursuant to the Connecticut long-arm statute. A "purposeful availment" of the benefit and protection of the laws of a forum state may more easily be found, where contact is initiated by a party actively soliciting customers in that state. *See Customwood Manufacturing v. Downey Construction Co.,* 102 N.M. 56, 691 P.2d 57 (1984). This case, by contrast, involves contact made by an out-of-state buyer, which contact with New Mexico was merely incidental to the transaction rather than being a "purposeful availment" of this forum. This Court therefore holds that Defendants lack the requisite "minimum contacts" to subject them to the jurisdiction of this Court.

*Transfer*

■ Having held that this Court has no personal jurisdiction over the Defendants, the Court must now decide whether to transfer this action to the United States District Court for the District of Connecticut. The Court begins this analysis by noting that some confusion currently exists in the law regarding the proper statute under which to effect a transfer where the court lacks personal jurisdiction over the defendant. In *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), the court found that under 28 U.S.C. § 1406,[4] which permits transfer when venue is laid improperly in the transferor court, the transferor court need not obtain personal jurisdiction over the defendant in order to transfer the case. Numerous lower federal courts have relied on *Goldlawr*

---

against a defendant in an action in which jurisdiction is based upon this section.

2. *See* § 38–1–16(C) NMSA 1978, *supra,* n. 1.

3. "It is essential in each case that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v.*

*Denkla,* 357 U.S. 235, 258, 78 S.Ct. 1228, 1242, 2 L.Ed.2d 1283 (1958).

4. Section 28 U.S.C. § 1406(a) provides:
    (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

to reach the conclusion that 28 U.S.C. § 1404(a)[5] also permits transfer even where the transferor court lacks jurisdiction over the defendant. *See, e.g., United States v. Berkowitz,* 328 F.2d 358, 361 (3d Cir.), *cert. denied,* 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964); *Smith v. Peters,* 482 F.2d 799, 802–03 (6th Cir.1973), *cert. denied,* 415 U.S. 989, 94 S.Ct. 1587, 39 L.Ed. 2d 886 (1974). The Court, however, alternatively holds that this action may properly be transferred under a more recent statute, 28 U.S.C. § 1631. That statute provides:

§ 1631. Transfer to cure want of jurisdiction

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

This statute applies in situations such as the instant case, where the want of jurisdiction consists of lack of personal jurisdiction over a defendant. *Starline Optical Corp. v. Caldwell,* 598 F.Supp. 1023 (D.N. J.1984).

As in § 1404(a) and § 1406, an essential requirement for transfer under § 1631 is that the transferee court be in a district where the action could have originally been brought. Plaintiffs' argument that this case could not have been brought originally in Connecticut because of lack of jurisdiction over the two individual Defendants in Connecticut is clearly without merit, as both of those Defendants reside in that state.

Wherefore,

IT IS ORDERED, ADJUDGED AND DECREED that Defendants' motion to dismiss, or in the alternative to transfer this case to the United States District Court for the District of Connecticut be, and the same hereby is, granted.

---

5. Section 28 U.S.C. § 1404(a) provides:
    (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.