Kenneth J. MORTENSEN and Sandra
Mortensen, Plaintiffs,

v.

WHEEL HORSE PRODUCTS,
INC., Defendant.

No. 91–CV–29.

United States District Court,
N.D. New York.

July 25, 1991.

Finkelstein, Levine, Gittelsohn &
Tetenbaum, Newburgh, N.Y., for plaintiffs;
John J. Tackach, of counsel.

Carter, Conboy, Bardwell, Case, Black-
more & Napierski, Albany, N.Y., for defen-
dant; Dianne Bresee Mayberger, of coun-
sel.

## MEMORANDUM–DECISION AND ORDER

MUNSON, Senior District Judge.

Presently before the court are cross-mo-
tions by plaintiffs and defendant. Defen-
dant moves pursuant to 28 U.S.C. § 1631 to
transfer the case to the United States Dis-
trict Court, Southern District of New York
to cure a defect in this court's subject
matter jurisdiction. Alternatively, defen-
dant moves to transfer pursuant to 28
U.S.C. § 1404(a) or 28 U.S.C. § 1406(a) to
cure a defect in venue. Plaintiffs oppose a
transfer of any sort and cross-move to re-
mand to New York State Supreme Court,
Dutchess County, and also request costs
and attorney's fees incurred as a result of
defendant's improper removal to this court.
The court heard oral argument on March
25, 1991 in Albany, New York. For the
reasons stated below, the case is transfer-
red to the United States District Court,
Southern District of New York.

### I. Background

The procedural facts relevant to these
motions are not in dispute. On December

10, 1990, plaintiffs commenced a products liability action in New York State Supreme Court, Dutchess County. On January 9, 1991, defendant timely filed a notice of removal pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a), based on diversity of citizenship between the parties. However, the notice of removal was filed in the Northern District of New York rather than the Southern District, which is the proper federal court under §§ 1441(a) and 1446(a) because it embraces Dutchess County where the action was pending.[1]

Defendant's attorney acknowledges this filing error and seeks, pursuant to § 1631, to have the case transferred to the Southern District where it belongs. Defendant cites a panoply of cases to support its contention that the wording of § 1631 is broad enough to permit a district court to transfer to the appropriate court a case removed to the wrong district.

Plaintiffs argue that § 1631 was intended to cover situations where there is confusion over which court is the proper court for filing, not where only one court is appropriate and the filing party clearly makes a mistake by filing in some other court. Moreover, plaintiffs argue, the plain language of § 1631 indicates that it extends only to cases originally filed or appealed in a federal court, not to removed cases, and therefore a transfer is not available here. The cross-motion to remand is based on § 1447(c), which requires that any case removed to a district court without subject matter jurisdiction "shall be remanded."

After the court questioned counsel during oral argument regarding the difference between subject matter jurisdiction and venue, defendant requested leave to supplement its motion papers. Defendant concedes that this court may have subject matter jurisdiction and, as a result, defendant raises an alternative argument that a venue transfer pursuant to § 1404(a) or

§ 1406(a) also would be appropriate under these circumstances. In opposition plaintiffs adhere to their original argument that this court lacks subject matter jurisdiction, asserting that 28 U.S.C. § 1441(a) is more than a mere venue provision. Contrary to defendant's suggestion that § 1332 is the substantive provision which authorizes this court's original jurisdiction, plaintiffs argue that § 1441(a) provides the substantive basis for federal court jurisdiction over a case commenced in state court. Because that section confers subject matter jurisdiction on only one federal court, namely, "the district court of the United States for the district and division embracing the place where such action is pending," and there is no dispute that this case was not removed to the district court embracing Dutchess County where the case had been pending, plaintiffs contend that this court lacks subject matter jurisdiction. The only solution, plaintiffs assert, is to remand to New York State Supreme Court, Dutchess County pursuant to the mandate of § 1447(c).

## II. *Discussion*

As part of the Federal Courts Improvement Act of 1982, Congress enacted a broadly worded transfer provision designed to facilitate litigation in federal courts. The provision, codified at 28 U.S.C. § 1631, states in relevant part:

> Whenever a civil action is filed in a court ... or an appeal including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed....

Policy considerations leading to the enactment of this provision included confusion in existing law as to which of two or more

---

1. Section 1441(a) provides in relevant part:
   ... [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district and division embracing the place where such action is pending.

Similarly, section 1446(a) states in part:
   A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal ....

federal courts has subject matter jurisdiction over particular types of civil actions, and the consequent wasteful and costly practice of filing an action in several courts to ensure that the litigant will not be left "without a remedy because of a lawyer's error or a technicality of procedure." S.Rep. No. 275, 97th Cong., 2d Sess. 11, *reprinted in* 1982 U.S.Code Cong. & Admin.News 11, 21. This provision was constructed in broad terms to permit a transfer between any two federal courts, so long as the prerequisites outlined in the provision are satisfied. *Id.*

Neither the Supreme Court nor the Court of Appeals for any circuit has interpreted the transfer authority of § 1631 in the context of a removed case. Some insight can be culled, however, from the various cases interpreting the section in other contexts. An appeal in a patent case transferred from the Federal Circuit to the Seventh Circuit and back to the Federal Circuit put § 1631 before the Supreme Court in *Christianson v. Colt Ind. Operating Corp.*, 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). Citing *Sheldon v. Sill*, 49 U.S. (8 How.) 441, 449, 12 L.Ed. 1147 (1850) for the principle that statutorily created courts have jurisdiction only so far as the statute confers, the Supreme Court held that § 1631 confers upon a court the "authority to make a single decision upon concluding that it lacks jurisdiction—whether to dismiss the case or, 'in the interest of justice,' to transfer it to a court ... that has jurisdiction." *Christianson*, 486 U.S. at 818, 108 S.Ct. at 2178. Applying this standard to the Federal Circuit's holding that, although it lacked subject matter jurisdiction the interest of justice warranted a decision on the merits anyway, the Supreme Court determined that the Federal Circuit exceeded its statutory authorization. *Id.*

In *Miller v. Hambrick*, 905 F.2d 259 (9th Cir.1990), the Ninth Circuit recently reversed a district court's dismissal of a habeas corpus petition filed in the wrong district, holding that the district court abused its discretion in failing to transfer the petition to the proper district pursuant to § 1631. *Id.* at 262. To support its ruling the court stated that "[n]ormally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.' " *Id.* (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962)); *see also In re J.D. McCauley*, 814 F.2d 1350, 1351 (9th Cir.1987) (when federal court finds that it lacks subject matter jurisdiction but that another federal court has subject matter jurisdiction, under § 1631 the first federal court "must transfer the case to the proper court, if transfer is in the interest of justice"). It is widely recognized in other circuits that § 1631 gives a district court "power to transfer a case to the proper federal court when it determines that it lacks jurisdiction, provided that the transfer will be in the interest of justice, and that, had the case been originally filed in the proper court, the filing would have been timely and jurisdictionally proper in that court." *In re Apex Oil Co.*, 884 F.2d 343, 346 (8th Cir.1989) (transfer of bankruptcy appeal); *see also Dornbusch v. C.I.R.*, 860 F.2d 611, 615 (5th Cir.1988) (transfer of appeal of Tax Court decision).

Examining the parameters of the authorization contained in § 1631, one circuit court relied on the legislative history to conclude that the enactment of § 1631 in no way infringes on nor supplants the inherent discretionary power of a court of appeals to transfer when it has jurisdiction but lacks venue. *Alexander v. C.I.R.*, 825 F.2d 499, 501–02 (D.C.Cir.1987) (citing *Clark & Reid Co. v. United States*, 804 F.2d 3, 7 (1st Cir.1986) for proposition that courts of appeal have inherent transfer power). The court stopped short of a ruling on whether § 1631 can be interpreted to authorize a transfer for lack of venue, and instead relied on its inherent power to transfer this appeal of a Tax Court decision to the court with proper venue. *Id.*

Probing a district court's statutory authority to transfer in the context of a personal injuries action based on diversity jurisdiction where personal jurisdiction is lacking, the Northern District of New York has stated that "[t]he legislative history makes

clear that [§ 1631] was only intended to apply to cases in which the transferor court lacks *subject* matter jurisdiction." *Levy v. Pyramid Co. of Ithaca,* 687 F.Supp. 48, 51 (N.D.N.Y.1988) (emphasis in original), *aff'd,* 871 F.2d 9 (2d Cir.1989); *see also Nose v. Rementer,* 610 F.Supp. 191, 192 & n. 1 (D.Del.1985). Hence, when the motion to transfer focuses on a defect in venue or personal jurisdiction, the transfer must take place under one of the venue transfer statutes, i.e., § 1404(a) or § 1406(a), rather than § 1631. *Levy,* 687 F.Supp. at 52; *but see Ross v. Colorado Outward Bound School, Inc.,* 822 F.2d 1524, 1527 (10th Cir. 1987) (recognizing in dicta that diversity case removed to district court which lacked personal jurisdiction could be transferred under § 1631 to district court which has proper jurisdiction).

Turning to the cross-motions at bar, both parties couch their initial arguments in terms of this court's lack of subject matter jurisdiction over the action based on the improper removal to the Northern District rather than to the Southern District. Defendant relies primarily on a Middle District of Louisiana decision ordering a § 1631 transfer in a procedural scenario virtually identical to this case. *Piazza v. Upjohn Co.,* 570 F.Supp. 5, 6 (M.D.La. 1983). In *Piazza,* Upjohn removed consolidated actions from state court to the Middle District of Louisiana when they should have been removed to the Eastern District which embraces the parish where the actions were originally filed. Upon a motion by the plaintiffs to remand because of that defect, Upjohn cross-moved for a transfer to the correct district court under § 1631. After noting that the sole reported case on this issue, *Scarmardo v. Mooring,* 89 F.Supp. 936 (S.D.Tex.1950), supported the plaintiffs' motion to remand under § 1447(c), the court turned to the newly enacted § 1631. Plaintiffs argued, just as the plaintiffs at bar argue, that § 1631 applies only to actions originally filed or appealed in federal court. The Middle District found "nothing in the language of the statute, its legislative history or the cases [construing it] to indicate that Congress intended such a restrictive construction."

*Piazza,* 570 F.Supp. at 8. Quoting the legislative history that the language of the section " 'is broadly drafted to permit transfer between any two federal courts,' " the court concluded that it could order a § 1631 transfer in a removed case if it was in the interest of justice to do so. *Id.* (quoting 1982 U.S.Code Cong. & Admin.News 21). Reasoning that Upjohn was entitled by virtue of the removal statute itself to have a federal court rule upon its claim, and that a remand would require refiling of removal petitions which even if jurisdictionally valid would then be untimely, the court held that a transfer to the proper federal court was in the interest of justice. *Id.* Defendant urges this court to follow the *Piazza* analysis and order a transfer to the Southern District pursuant to § 1631.

Plaintiffs' opposition hinges on a Northern District of Texas decision rejecting the application of § 1631 in a removal context. *Enserch International Exploration, Inc. v. Attock Oil Co.,* 656 F.Supp. 1162 (N.D.Tex.1987). In that case plaintiff Enserch filed suit in a Texas state court to vacate an arbitration award rendered in New York City in favor of Attock Oil. Attock Oil removed to the Northern District of Texas on diversity grounds, and moved to dismiss for lack of subject matter jurisdiction and improper venue, or alternatively to transfer to the Southern District of New York on the ground that the Federal Arbitration Act, 9 U.S.C. § 10, requires such a suit to be brought in the district court for the district in which the arbitration award was made. Recognizing its lack of subject matter jurisdiction by virtue of § 10 of the Federal Arbitration Act, the court examined three options presented by the parties: dismissal for lack of subject matter jurisdiction, transfer to the Southern District of New York under § 1631, or remand to the Texas state court under § 1447(c) for improper removal. Using the legislative history of § 1631 to establish an analytical framework, the court found that Attock Oil was not confused as to which federal court had proper jurisdiction and that denial of the motion to transfer would

not preclude Attock Oil from judicial consideration of the matter. *Id.* at 1167. Despite the broad transfer powers authorized by § 1631, the court held that "there is no indication that Congress thereby intended to affect 28 U.S.C. § 1447, which provides for remand of any case removed improvidently and without jurisdiction." *Id.* Therefore, the court concluded that a remand was the appropriate solution. Plaintiffs request this court to reach a similar conclusion.

This court is not bound by either the *Piazza* approach or the *Enserch* approach. It is bound, however, by the language of the removal provisions, §§ 1441, 1446, and 1447, and the various transfer statutes, §§ 1404(a), 1406(a), and 1631. Hence, the first task is to determine whether the court has subject matter jurisdiction over this action. Title 28 U.S.C. § 1441 sets forth the requirements for removal of an action and § 1446 provides the procedural requirements to effect such removal. Cardinal to removal of an action to federal court is that the action pending in state court involve issues "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); 28 U.S.C. § 1332; *see Powers v. S. Central United Foods & Commercial Workers Unions and Employers Health & Welfare Trust,* 719 F.2d 760, 763 (5th Cir.1983) (" 'original jurisdiction' to which section 1441 refers can rest with the federal courts because of diversity of citizenship between the parties ..., because the claim 'arises under' federal law ..., or by virtue of some other explicit grant of jurisdiction ..."). Thus, when a defendant asserts diversity jurisdiction under §§ 1332 and 1441 as the basis for removal, the action is one for which district courts of the United States have original jurisdiction. Defendant in the instant ac-

tion lists diversity of citizenship in its petition for removal, and plaintiffs acknowledge the diversity. Therefore, contrary to both parties' initial arguments in support of their respective motions, this case is one over which this district court has subject matter jurisdiction. While the Second Circuit has not directly addressed the transfer authority of § 1631, this court is persuaded by the analysis of the district court in *Levy v. Pyramid Co. of Ithaca,* 687 F.Supp. at 51, that § 1631 applies only to a case where the transferor court lacks subject matter jurisdiction. Accordingly, the court rules that a § 1631 transfer is not available in this case.[2]

◼ The fact that the removal was effected to this district court rather than to the district court for the district embracing the place where the action was pending as required by §§ 1441(a) and 1446(a) is "more akin to an improper venue situation." *Cook v. Shell Chemical Co. (Shell Oil Co.),* 730 F.Supp. 1381, 1382 (M.D.La.1990). Hence, the appropriate statute under which to consider a motion to transfer where there is a defect in venue is § 1406(a).[3] Section 1406(a) provides:

> The district court of the district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

The Supreme Court in *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913, 915, 8 L.Ed.2d 39 (1962) found that the legislative history of § 1406(a) indicates that it was designed as an avenue for a court to remedy the type of defect in venue which often arises from an erroneous guess by the plaintiff as to one of the elusive facts upon which venue turns, such as where the defendant resides or where

---

**2.** In view of this conclusion, the court does not address plaintiffs' alternative argument that § 1631 applies only to cases originally filed or appealed in federal court and not to removed actions.

**3.** The other venue transfer statute, § 1404(a), is designed to address a situation where venue is proper in the specific district court but other circumstances such as lack of personal jurisdic-

tion or the convenience of parties and/or witnesses warrant a transfer in the interest of justice. *See, e.g., Bentz v. Recile,* 778 F.2d 1026, 1028 (5th Cir.1985); *Nose v. Rementer,* 610 F.Supp. 191, 192 (D.Del.1985). In the instant action, because venue clearly is improperly laid in this district, the court will not address defendant's alternative argument for transfer under § 1404(a).

the defendant is subject to personal jurisdiction in accordance with 28 U.S.C. § 1391.[4]  Further, the Court stated that "Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what [some have] characterized as 'time-consuming and justice-defeating technicalities.'" *Id.* at 467, 82 S.Ct. at 916 (citation omitted). Thus, the Court affirmed a district court's § 1406(a) transfer of a case commenced in the district court where venue was improper and no personal jurisdiction existed.  Despite defendants' argument that the court had no power to transfer under § 1406(a) because of the defect in personal jurisdiction, the Supreme Court concluded that its interpretation of the section was consistent with the legislative history as well as other procedural changes enacted by Congress to remove obstacles which "impede an expeditious and orderly adjudication of cases and controversies on their merits." *Id.* at 466–67, 82 S.Ct. at 916.

The *Goldlawr* Court made no mention of the applicability of § 1406(a) to a situation where the defect at issue is the result of the defendant's action rather than the plaintiff's, for example removal to the wrong district.  The Fifth Circuit has held, however, that in addition to cases originally filed in federal court "removed cases meeting the federal standards of § 1406(a) or § 1404(a) may also be transferred." *Bentz v. Recile,* 778 F.2d 1026, 1028 (5th Cir.1985) (transfer for lack of personal jurisdiction)

(quoting *Aquacate Consolidated Mines, Inc. v. Deeprock, Inc.,* 566 F.2d 523, 525 (5th Cir.1978)).  This court agrees.  Neither of those sections requires that the action be *commenced* in federal court, but rather *filed* there.  When a defendant desires to remove a case to federal court it must follow the procedure for removal set forth in § 1446, which requires the defendant to "file in the district court of the United States for the district and division within which such action is pending a notice of removal...."  28 U.S.C. § 1446(a). The act of filing a notice of removal in district court therefore is sufficient to bring the action within the purview of §§ 1406(a) and 1404(a).  A district court which determines that venue is improper, or that it lacks personal jurisdiction over the removed action, may then exercise its discretion to dismiss or transfer to a district court where both venue and jurisdiction are proper.  The statutory prerequisites for a § 1406(a) transfer are simple. Upon determining that a defect in venue exists, "it is enough simply that the court thinks transfer is in the interest of justice." Wright, Miller & Cooper, *Federal Practice and Procedure* § 3827, at 270 (citations omitted).[5]

In the instant action, no mention of § 1406(a) was made until after the court questioned counsel at oral argument regarding the possibility that the defect at issue involves venue rather than subject matter jurisdiction.  Defendant obtained leave of court to file additional papers after the motion was argued raising the possibili-

---

**4.** Section 1391(a) guides the choice of venue when diversity of citizenship is involved:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced.

**5.** The only guidance this court was able to uncover regarding the application of § 1406(a) to

a case removed to a district other than the district embracing the place where the action was pending was in *Cook v. Shell Chemical Co.,* 730 F.Supp. at 1382, where the court noted that defendant's careless removal to the wrong district was one of the defects it must address on plaintiff's motion to remand.  That motion was denied on the ground that it was not timely filed under § 1447(c), and thus plaintiff's procedural objections were deemed waived.  *Id.*  Although no formal motion to transfer pursuant to § 1406(a) had been made, the court acknowledged defendant's suggestion that § 1406(a) applied and then granted leave to file a formal motion "if there are good reasons to do so." *Id.* at 1383.

ty of a transfer for lack of venue under either § 1406(a) or § 1404(a). The only case cited by defendant in support of a venue transfer is *Wesley v. H & D Wireless Limited Partnership*, 678 F.Supp. 1540 (D.N.M.1987). The complaint in that case was filed in state court alleging a breach of contract. It was removed to federal court where defendants moved to dismiss or transfer on the ground that the New Mexico court lacked personal jurisdiction over them. The district court held that a venue transfer for lack of personal jurisdiction was appropriate under § 1406(a), § 1404(a), or § 1631, but it is unclear from the published opinion precisely which provision the court relied on in granting the motion to transfer. Defendant cites the case in support of its argument that any one of the three provisions authorizes this court to transfer this action to the Southern District of New York.

■ Plaintiffs obtained leave of court to respond, arguing not against the *Wesley* decision itself, but rather reiterating their reliance on the well-established principle that a court must at least have subject matter jurisdiction before it may transfer a case. Plaintiffs cite a variety of cases from 1960–1981 which purportedly support their belief that this court does not have subject matter jurisdiction over this action and therefore must remand to state court. As this court has already determined, however, subject matter jurisdiction does exist here because the case is one over which the district courts have original jurisdiction. Although this court cannot exercise jurisdiction because the case was removed to the wrong district, such a mistake on defendant's part does not require a remand to state court. Rather, in the interest of justice this court finds it appropriate to transfer the action to the proper federal court pursuant to § 1406(a) to cure the defect in venue.

### III. *Conclusion*

In conclusion, defendant's motion to transfer pursuant to 28 U.S.C. § 1406(a) is granted. Plaintiffs' cross-motion to remand under § 1447(c) is denied. Plaintiffs'

request for costs and attorney's fees associated with the improper removal is also denied. The clerk of the court is directed to transfer this action to the United States District Court, Southern District of New York.

It is So Ordered.