851 F.Supp. 214 (1994)
Danny F. ADDISON, Plaintiff,
v.
NORTH CAROLINA DEPARTMENT OF CRIME AND PUBLIC SAFETY; Joseph W. Dean, individually and in his official capacity as the former Secretary of the North Carolina Department of Crime Control and Public Safety; Thurman *215 Hampton, in his official capacity as Secretary of the North Carolina Department of Crime Control and Public Safety; and R.A. Barefoot, in his official capacity as the Commander of the North Carolina Highway Patrol, Defendants.
No. 4:93CV458.
United States District Court, M.D. North Carolina, Salisbury Division.
April 21, 1994.
John W. Gresham, Ferguson, Stein, Wallas, Adkins, Gresham & Sumter, P.A., Charlotte, NC, for plaintiff.
Isaac T. Avery, III, Linda M. Fox, N.C. Dept. of Justice, Michael F. Easley, Atty. Gen., Raleigh, NC, for defendants.

ORDER
TILLEY, District Judge.
On March 24, 1994, the Recommendation of the United States Magistrate Judge was filed and notice was served on the parties pursuant to 28 U.S.C. § 636. Thereafter, the Court received defendants' objections to the Recommendation of the United States Magistrate Judge. Defendants also filed a motion to transfer the case to the Western District of North Carolina after filing their objections. However, this motion is not only tardy, but more importantly, lacks good cause for the reasons stated in the Recommendation.
The Court has appropriately reviewed defendants' objections de novo and finds they do not change the substance of the United States Magistrate Judge's rulings which are affirmed and adopted.
NOW, THEREFORE, pursuant to the Recommendation of the United States Magistrate Judge, it is ORDERED that plaintiff's motion to remand this action back to the Superior Court for Mecklenburg County is granted, that defendants' motion that this Court instead transfer the case to the federal court for the Western District of North Carolina is denied, and that this case be, and the same hereby is, remanded back to the state court.

*216 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

ELLIASON, United States Magistrate Judge.
This matter comes before the Court on plaintiff's motion to remand this action back to the Superior Court for Mecklenburg County from which it was removed. Defendants claim that the action should remain in this district or at most it should be transferred to the Western District of North Carolina (which contains Mecklenburg County).
On May 17, 1993, plaintiff filed his complaint in the Superior Court of Mecklenburg County. The action alleges racially discriminatory treatment in employment actions with respect to plaintiff who was a North Carolina Highway Patrol Trooper. He sought relief under three separate causes of action. One alleged racial discrimination in violation of 42 U.S.C. §§ 1981, 1981a, and 1983. He also sought relief under North Carolina common law and directly under the North Carolina Constitution. Plaintiff alleged that he was a citizen and resident of Mecklenburg County at the time of the incidents and that defendants were and are residents and citizens of Wake County.
When defendants removed this action, they stated that plaintiff was a citizen and resident of Rowan County, North Carolina (which is within this district), at all times relevant to the complaint. Apparently as a consequence of this assumption, defendants removed this action to the Middle District of North Carolina even though it was then pending in the state court within the boundaries of the Western District of North Carolina. While defendants originally removed this action pursuant to both 28 U.S.C. § 1441 and § 1443, at a March 8, 1994 telephonic conference, defendants withdrew their removal pursuant to Section 1443.[1]
The remaining removal section, i.e. Section 1441(a), provides in pertinent part:
any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United states for the district and division embracing the place where such action is pending. (emphasis added).
Plaintiff points out that defendants did not remove this action to the district and division where the action was pending, which would have been the Western District of North Carolina, but instead took it upon themselves to remove and transfer the action to the Middle District. Consequently, plaintiff argues that the removal was improvident and, therefore, the case should be remanded back to state court. Defendants, on the other hand, concede that they failed to observe the literal terms of the statute but nevertheless request that this Court transfer the case to the Western District pursuant to 28 U.S.C. § 1404 for the convenience of the parties and witnesses.
As will be seen, the case law is not settled with respect to how to resolve the competing interests in this case. Therefore, the peculiar facts of the present case will have a large bearing on the decision. The only Fourth Circuit decision comes from a district court and it only involved removal within a district, but to the wrong division. In Heniford v. American Motors Sales Corp., 471 F.Supp. 328, 337 (D.S.C.1979), dismissed without opposition, 622 F.2d 584 (4th Cir.1980), the court held the case should not be remanded when it was filed in the wrong court division because of erroneous advice given by a deputy clerk. However, in Willingham v. Creswell-Keith, Inc., 160 F.Supp. 741, 743 (W.D.Ark.1958) (removal to wrong division), the court made a contrary ruling:
[T]he removal statute specifically provides that cases may be removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.A. § 1441(a). See also 28 U.S.C.A. *217 § 1446(a); Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 666, 73 S.Ct. 900, [902,] 97 L.Ed. 1331; Buffington v. Vulcan Furniture Mfg. Corp., D.C.W.D.Ark., 94 F.Supp. 13, 15. A case removed to the wrong division or district should be remanded to the state court. Scarmardo v. Mooring, D.C.Tex., 89 F.Supp. 936; Gopcevic v. California Packing Corp., D.C.Cal., 272 F. 994.
Cases involving removal to the wrong division are also divided as to the correct result.
Plaintiff relies on Hoover v. Gershman Inv. Corp., 774 F.Supp. 60 (D.Mass.1991), which held that a defendant could not remove a state court action to a federal court sitting in a district and division other than where the state court action was pending. The court held that a defendant is simply without authority to remove a case to any district court other than that specified in Section 1441(a).
In Scarmardo v. Mooring, 89 F.Supp. 936 (S.D.Tex.1950), the court treated the improper removal to the wrong district court as a jurisdictional defect and, therefore, treated such a removal as improvident. See also Franchino v. Valenti, 347 F.Supp. 1020 (E.D.N.Y.1972); and 14A Charles A. Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice and Procedure § 3739 at 586 (1985).
Defendants, on the other hand, cite Mortensen v. Wheel Horse Products, Inc., 772 F.Supp. 85 (N.D.N.Y.1991). In that case, the court for the Northern District of New York was faced with cross-motions by plaintiff and defendants. The underlying action was a product liability action based on diversity of citizenship. The proper district for removal would have been the Southern District of New York. Defendants acknowledged their removal procedure error. Defendants filed a motion to transfer the case pursuant to 28 U.S.C. § 1631 from the federal District Court for the Northern District to the Southern District of New York alternatively to cure a defect in the court's subject matter jurisdiction or else to transfer pursuant to 28 U.S.C. § 1404(a) to correct venue for the convenience of the witnesses and parties. Plaintiff, however, opposed the motion and only wanted a remand to the New York state court.
Plaintiff in that case argued that the court lacked subject matter jurisdiction because 28 U.S.C. § 1441(a) only permitted removal to a specific federal court and that it was not a mere venue provision. The court noted that prior cases were divided on the issue as to whether an improper removal to a wrong federal district court should be remanded or transferred. Id. 772 F.Supp. at 88. It noted that a remand would make it impossible for a party to timely remove the case to the correct federal district and seek transfer. The court decided to treat the improvident removal of a case to the wrong district court as one akin to an improper venue decision. Therefore, it ruled it had jurisdiction and could rule on a motion to transfer.
It is concluded that plaintiff's motion to remand should be granted. There is no question that 28 U.S.C. § 1441(a) requires that defendants should have removed this case to the Western District. Defendants argue that they merely saved time by removing the action to this district because plaintiff lived here during the pendency of the cause of action. This factual premise is not supported.[2] The complaint states that plaintiff was a citizen and resident of Mecklenburg County at the time of the incident alleged in the complaint. While defendants contend in their brief that personnel records show that plaintiff was assigned to live and work in *218 Rowan County in this district, there is no evidence before the Court to support this assertion.
Even if defendants' residency argument were supported, their unilateral action should not be countenanced. Defendants' argument that they merely saved the court and the parties time by making their unilateral "removal-transfer" decision is not well taken. Time is rarely saved by purposely not following proper procedure. The removal statute contemplates that the federal court to which an action is removed may not be one of proper venue if the action had been originally filed in it. 14A Wright, Miller and Cooper, supra § 3726 (1985). Notwithstanding, the removal is deemed proper and the matter may thereafter be transferred to correct venue or for the convenience of the parties and witnesses. 28 U.S.C. §§ 1404(a) and 1406(a). Therefore, there is no need for unilateral, extra-statutory action by defendants. This can only sow confusion and work hardship on plaintiff.
A party who deliberately removes an action to the wrong district court has acted improvidently and outside of the removal statute, thereby violating removal procedure. Defendants were required to file their notice of removal in the Western District within thirty days. 28 U.S.C. § 1446(a) & (b). Until all of these conditions are met, removal is not effective. 14A Wright, Miller and Cooper, supra § 3737 (1985). Plaintiff brought this removal procedure defect to the Court's attention within the required thirty day time limit of 28 U.S.C. § 1447(c) and, therefore, has not waived it. While minor or nonconsequential defects may be cured subsequent to the notice of removal, 14A Wright, Miller and Cooper, supra § 3739 at 575-76, the instant defect is not such a one. The error cannot be cured by amendment. Rather, the cure is for defendants to file a proper removal notice in the Western District. Therefore, the procedural defect in this case is more in the nature of an improvident removal. Id. Such defect normally should not be overlooked.
The statute is clear and specific as to which district removal may be made. A failure to do so is a substantial defect in removal procedure whether or not it also constitutes a jurisdictional or venue defect.[3] District courts can and should police the situation by remanding cases brought in the wrong district. To do otherwise might encourage litigants to forum shop in order to gain an advantage over plaintiff and disregard plaintiff's choice of forum.
In essence, defendants are requiring plaintiff to litigate the initial stages of this litigation in this court. While the separation of the districts is not great in this case, in other cases such a procedure could work to the major disadvantage of a plaintiff by requiring plaintiff to litigate the removal and transfer issue in a very distant district. Therefore, for policy reasons, it appears that district courts should not permit an improper removal under the guise that such may be corrected by the court ruling on a motion to transfer. This requires a plaintiff to litigate the transfer motion in a distant district. It also turns matters on their head by giving defendants the initial choice of forum and disregarding plaintiff's choice. If, after remand, defendants will have lost the opportunity to timely remove the case to the correct district, that is simply the consequence of taking the law into one's own hands.
IT IS THEREFORE RECOMMENDED that plaintiff's motion to remand this action back to the Superior Court for Mecklenburg County be granted and that defendants' implicit request that this Court instead transfer the case to the federal court for the Western District of North Carolina be denied and that an order be entered remanding this case to the state court and directing that the Clerk mail a certified copy of the Order to the clerk of the state court.
March 24, 1994
NOTES
[1] Removal pursuant to Section 1443 would have required defendants to show that they were denied or could not enforce in state court a right under any law providing for equal civil rights of all persons. It is hard to believe that state defendants would ever likely be subject to such a situation. Because of their prompt withdrawal of such an assertion, the Court finds no occasion to sanction defense counsel under Fed.R.Civ.P. 11 for making an improvident claim.
[2] Procedurally, the Court does not even have any motion to transfer supported by affidavits before it. The Court only has the motion to remand. In Mortensen v. Wheel Horse Products, Inc., 772 F.Supp. 85 (N.D.N.Y.1991), while the court granted a transfer, it had a motion to transfer before it. For this reason alone, defendants' motion could be denied.

Nor is it immediately clear that the convenience of the witnesses in fact would be served any better by litigating the matter in this district in Greensboro, North Carolina, as opposed to Charlotte, North Carolina. Salisbury in Rowan County is approximately one-half way between the two cities which themselves are only separated by 91 miles. Thus, a remand of this matter to state court for trial in Charlotte, North Carolina, would certainly do no violence to the concepts behind the transfer provisions of 28 U.S.C. § 1404.
[3] The Court need not now decide whether it retains discretion to transfer a case in order to prevent gross injustice such as might occur if the improper removal to an adjacent district were innocent and because a remand would result in the dismissal of the cause of action.