## SCARMARDO v. MOORING et al.
### Civ. A. No. 5429.

United States District Court
S. D. Texas, Houston Division.
March 13, 1950.

Hays Bowers and J. Alton York, of Caldwell, Texas, for plaintiff.

Cocke & Lawrence (Richard H. Cocke), of Bryan, Texas, for defendants.

KENNERLY, Chief Judge.

On December 28, 1949, Plaintiff, Sam C. Scarmardo, a citizen of Texas, filed a civil action in a State Court (District Court of Burleson County, Texas) against Defendants, Ward Mooring, a citizen of Texas, and Delta Airlines, Inc., a corporation having its domicile in Louisiana, for damages, in an amount in excess of $3000, to Plaintiff's land and certain crops thereon situated in Burleson County, Texas.

On January 30, 1950, Defendant Delta Airlines, Inc. filed in this Court its Petition and Bond to remove such case into this Court. On February 14, 1950, Plaintiff moved to remand the case to the District Court of Burleson County, on the ground that Burleson County is not in this District or Division, but in the Western District of Texas, Austin Division.

Defendants concede that Burleson County is not in this District and Division and that their Petition for Removal was improperly filed in this Court and that it should have been filed in the United States District Court for the Austin Division of the Western District of Texas. But they insist that this Court should not remand the case, but should transfer it to such United States District Court for the Western District of Texas.

1:—Section 1441, Title 28 U.S.C.A. of September 1, 1948, sets forth certain cases that may be removed from a State Court into a United States District Court. The applicable portion thereof is as follows (italics mine):—

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, *to the district court of the United States for the district*

and division embracing the place where such action is pending."

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

The procedure for removal is prescribed by Section 1446 of such Title 28.[1]

It is perfectly plain that under Section 1441 the case, if removable at all,[2] may be removed only to the United States District Court for the Western District of Texas. The Defendant Delta Airlines, Inc. accomplished nothing by filing its Petition for Removal, etc., in this Court. This Court has not thereby acquired Jurisdiction, and the District Court of Burleson County, Texas, has not thereby lost, but still has, Jurisdiction of the case.

2:—Since this Court has not acquired Jurisdiction of the case it may not, as Defendants contend, transfer it to the United States District Court for the Western District of Texas. Section 1404(a),[3] upon which Defendants stand on their Motion to Transfer, relates to venue and not to jurisdiction. It is not applicable here. This Court being without jurisdiction has no power to so transfer the case. It cannot confer jurisdiction upon the Court of the Western District by transferring the case there.

The Motion to Remand is granted. Let suitable Order be drawn and presented.

---

1. Section 1446 is as follows:—

"(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

"(b) The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

"(c) The petition for removal of a criminal prosecution may be filed at any time before trial.

"(d) Each petition for removal of a civil action or proceeding, except a petition in behalf of the United States, shall be accompanied by a bond with good and sufficient surety conditioned that the defendant or defendants will pay all costs and disbursements incurred by reason of the removal proceedings should it be determined that the case was not removable or was improperly removed.

"(e) Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

"(f) If the defendant or defendants are in actual custody on process issued by the State court, the district court shall issue its writ of habeas corpus, and the marshal shall thereupon take such defendant or defendants into his custody and deliver a copy of the writ to the clerk of such State court."

2. Whether the case is or is not removable under Bentley v. Halliburton Oil Well Cementing Co., 174 F.2d 788, and other similar cases, I do not decide.

3. Section 1404(a) is as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."