**B. F. WILLINGHAM and Mildred Willingham, Plaintiffs,**

v.

**CRESWELL-KEITH, Inc., and Creswell-Keith, Trustee for Creswell-Keith Mining Trust, and W. S. Bradham and Floy Bradham, Defendants.**

**W. S. Anderson, J. E. McMillan and Mary McMillan, Intervenors.**

Civ. A. No. 738.

United States District Court
W. D. Arkansas,
Hot Springs Division.
March 31, 1958.

McMillan & McMillan, Arkadelphia, Ark., for plaintiffs.

Nathan L. Schoenfeld, Hot Springs, Ark., for Creswell-Keith, Inc.

John M. Shackleford, Jr., El Dorado, Ark., for W. S. Anderson.

Brown & Compton, El Dorado, Ark., for W. S. & Floy Bradham.

JOHN E. MILLER, District Judge.

This action is before the Court upon separate motions to remand filed by the plaintiffs, B. F. Willingham and Mildred Willingham, and by the defendants, W. S. Bradham and Floy Bradham.

In the complaint filed in the Chancery Court of Union County, Arkansas, the plaintiffs allege that all parties to the action are residents of the State of Arkansas. Plaintiffs further allege that on November 29, 1956, they assigned certain interests and property to the defendant, Creswell-Keith, Inc., Trustee for Creswell-Keith Mining Trust, and that as a part of the assignment Creswell-Keith executed a note in the sum of $55,173.36, payable to W. S. Bradham and B. F. Willingham; that as a part of the assignment Creswell-Keith also assumed certain obligations of Willingham and Bradham. Plaintiffs also allege that defendants, W. S. Bradham and Floy Bradham, should be made parties defendant since they might claim some interest in the property by reason of the former partnership between B. F. Willingham and W. S. Bradham, and by reason of the transfer of certain personal property by Creswell-Keith to Bradham.

Plaintiffs prayed for an accounting from Creswell-Keith; for a judgment against Creswell-Keith for the amount due on the above-mentioned note; for specific performance by Creswell-Keith of obligations due J. E. McMillan and Mary E. McMillan under the above-mentioned assignment; that a receiver be appointed, and for all other proper relief.

Subsequently J. E. McMillan and Mary E. McMillan filed an intervention alleging that they are residents of Clark County, Arkansas; that by reason of the assignment of November 29, 1956, by B. F. Willingham and W. S. Bradham to Creswell-Keith, Inc., that Creswell-Keith is now indebted to the intervenors in the sum of $6,000.

Plaintiffs, B. F. and Mildred Willingham, filed an answer to the intervention of the McMillans, admitting the allegations of said intervention, but alleging that Creswell-Keith is primarily liable to the McMillans and that the Willinghams are only secondarily liable.

An intervention was also filed by W. S. Anderson, a citizen and resident of the State of Mississippi. Anderson seeks judgment against the plaintiffs, B. F. and Mildred Willingham, and against the defendants, Creswell-Keith, Inc., W. S. Bradham and Floy Bradham, jointly and severally, in the sum of $4,000.

The Willinghams filed an answer to the intervention of Anderson alleging that the assignment relied upon by Anderson was actually between Anderson and Creswell-Keith, and that the Willinghams had no responsibility in any manner for said assignment.

After all the above-mentioned pleadings had been filed in the Chancery Court of Union County, Arkansas, the defendants, Creswell-Keith, Inc., and Creswell-Keith, Trustee for Creswell-Keith Min-

ing Trust, on February 5, 1958, filed their petition for removal in this Court. In the petition the said defendants make the following allegations:

"1. This cause of action was filed in the Union Chancery Court on the 30th day of December, 1957, being docketed as Case No. 13,461. Service was had on the Defendants on the 18th day of January, 1958. The time within which the Defendants may Petition for Removal of the Cause has not expired.

"2. This suit is one of a civil nature in which the District Court of the United States has original jurisdiction. It appears by the Complaint that Plaintiffs seek recovery under a certain assignment referred to in the Complaint as Exhibit A. That assignment is the subject of action filed prior to the filing of Union Chancery Case No. 13,461 as Civil Action No. 731 in this, the United States District Court, Western District of Arkansas, Hot Springs Division. Civil Action No. 731 is styled Creswell-Keith, Inc., an Arkansas Corporation, Trustee for Creswell-Keith Mining Trust, v. B. F. Willingham, W. S. (Pete) Bradham, Mildred Willingham and Floy Bradham.

"3. This court has original jurisdiction of the cause under Section 22(a) of the Securities Act of 1933, 48 Stat. 86, as amended 15 U.S.C. Section 77(v) (a) 8.

"4. Defendants, Creswell-Keith, Inc., and Creswell-Keith Trustee for Creswell-Keith Mining Trust are an Arkansas Corporation. Intervenor, W. S. Anderson is a resident of Mississippi asking Judgment in the sum of $4000.00. The Intervenors action is between Citizens of different states for an amount exceeding the sum or value of $3000.00, exclusive of interest or costs.

\* \* \* \* \*

"6. The separate Defendants, Creswell-Keith, Inc., and Creswell-

Keith Trustee for Creswell-Keith Mining Trust are entitled to have the entire cause removed to the United States District Court for the Western District of Arkansas, *Hot Springs Division.* \* \* \* " (Emphasis added.)

On February 11, 1958, plaintiffs, B. F. and Mildred Willingham, filed a motion to remand the case to the state court, and on February 13, 1958, said plaintiffs filed an additional motion to remand, adding a new ground therefor.

On February 18, 1958, the defendants, W. S. and Floy Bradham, filed their motion to remand the case to the state court.

■ On March 15, 1958, the defendants, Creswell-Keith, Inc., and Creswell-Keith, Trustee for Creswell-Keith Mining Trust, filed a motion to consolidate this action with Civil Action No. 731, which at that time was pending in this Court. Since that time Civil Action No. 731 has been dismissed for lack of jurisdiction, and thus the motion to consolidate is now moot. D.C., 160 F.Supp. 735.

The matter now before the Court is whether the case has been properly removed. A consideration of the record in this case in the light of the governing law convinces the Court that there are several fatal defects in the removal proceedings.

■ In the first place, the removal statute specifically provides that cases may be removed "to the district court of the United States for the district and *division* embracing the place where such action is pending". (Emphasis added.) 28 U.S.C.A. § 1441(a). See also, 28 U.S. C.A. § 1446(a); Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 666, 73 S.Ct. 900, 97 L.Ed. 1331; Buffington v. Vulcan Furniture Mfg. Corp., D.C.W.D.Ark., 94 F.Supp. 13, 15. A case removed to the wrong division or district should be remanded to the state court. Scarmardo v. Mooring, D.C.Tex., 89 F.Supp. 936; Gopcevic v. California Packing Corp., D. C.Cal., 272 F. 994.

744

■ The instant action was pending in the Chancery Court of Union County, Arkansas, which county is in the El Dorado Division, 28 U.S.C.A. § 83(b) (2), and the case cannot be removed to the Hot Springs Division. This, in itself, is sufficient to require the Court to remand the case.

■ In addition, however, the case is not removable by Creswell-Keith since said defendant is a citizen of this State. In this connection, 28 U.S.C.A. § 1441 (b), provides:

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*" (Emphasis added.)

There is no statement of fact in the petition for removal and nothing in any of the pleadings to indicate that the action, or any part of it, arises under the Constitution, treaties or laws of the United States, and thus Creswell-Keith, being a citizen of this State, has no standing to remove the case to the federal court.

■ It is true that in the petition for removal Creswell-Keith alleges that the Court has original jurisdiction under the Securities Act of 1933, and particularly under 15 U.S.C.A. § 77v(a). But jurisdiction is not conferred by the fact that defendant may rely upon federal law as a matter of defense. In Produce Terminal Realty Corp. v. New York, N. H. & H. R. Co., D.C.Mass., 116 F.Supp. 451, at page 453, the rule is stated, as follows:

"The question of whether this action is removable as one involving a federal question depends upon whether the cause of action set forth by plaintiff is one arising under federal law. Jurisdiction is not con-

ferred by the fact that defendant may rely upon federal law as a matter of defense. The question must be decided on the basis of what appears in the complaint well pleaded, unaided by anything in the answer or petition for removal. Gully v. First National Bank in Meridian, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; Great Northern Railway Co. v. Alexander, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713."

In Romick v. Bekins Van & Storage Co., Inc., 5 Cir., 197 F.2d 369, at page 370, the court said:

"The presence of a Federal question which will authorize the removal of a suit from a state to a Federal court must be disclosed by the plaintiff's complaint, unaided by the petition for removal."

The plaintiffs are not asserting any rights based on federal law. In fact, the complaint states no facts and contains no allegations which indicate in any manner that any federal question exists or can exist in the trial of the case.

■ Moreover, even if the present action involved Sec. 22 of the Securities Act of 1933, Creswell-Keith would be in no better position since the section [15 U.S.C.A. § 77v(a)] specifically provides that "no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States".

■ The fact that the intervenor, W. S. Anderson, is a resident (and probably a citizen) of Mississippi does not aid the defendant, Creswell-Keith, Inc., since claims introduced into an action by intervention do not afford a basis for removal. Moore's Commentary on the U. S. Judicial Code, p. 252. Compare, Ingram v. Sterling, D.C.W.D.Ark., 141 F. Supp. 786; Sequoyah Feed & Supply Co., Inc. v. Robinson, D.C.W.D.Ark., 101 F. Supp. 680.

For all the above reasons the removal in this case was and is improper, and the separate motions to remand filed by the

plaintiffs and by the defendants, W. S. and Floy Bradham, should be sustained.

Therefore, an order should be entered remanding the case to the Chancery Court of Union County, Arkansas, from whence it was removed.