Robin G. VARNER, Plaintiff,

v.

**ROYAL MACCABEES LIFE INSURANCE COMPANY, Defendant.**

Civ. A. No. 3:94–cv–245BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

May 26, 1994.

Joel J. Henderson, Edward Duncan Lamar, Henderson, Dantone & Hines, Greenville, MS, for plaintiff.

Roy A. Smith, Jr., Edward Coleman Taylor, Daniel, Coker, Horton & Bell, Jackson, MS, for defendant.

## *MEMORANDUM OPINION AND ORDER*

BARBOUR, Chief Judge.

This cause is before the Court on the Plaintiff's Motion to Remand. Having considered the Motion and attachments thereto, the response, and supporting and opposing memoranda, the Court finds that the Motion is not well taken and should be denied.

### I. *Background*

On April 1, 1994, Plaintiff Robin G. Varner ("Varner") filed her Complaint against Royal Maccabees Life Insurance Company ("Royal Maccabees") in the Circuit Court of Washington County, Mississippi. Varner sued the Defendant claiming benefits to $250,000 under a life insurance policy on her deceased husband, Kenny Varner. The Defendant denied coverage under the policy based on a suicide exclusion in the policy. According to the Defendant, the Coroner for Simpson County, Mississippi, found that Kenny Varner committed suicide at the family home in

Magee, Simpson County, Mississippi.[1] Royal Maccabees was served with a Summons and copy of the Complaint on April 6, 1994, through Roy A. Smith, Jr., its agent for service of process. On May 3, 1994, Royal Maccabees filed its Notice of Removal in this Court. Currently before the Court is the Plaintiff's Motion to Remand stating that the Defendant removed this action incorrectly to the wrong federal court.

## II. *Analysis*

 Plaintiff asserts that this action must be remanded to state court because it was removed improperly to this Court rather than being removed to the United States District Court for the Northern District of Mississippi. Furthermore, Plaintiff asserts that since 30 days has passed since the Defendant received the Complaint, the Defendant has lost the opportunity to remove the action to the proper federal court in the northern district of Mississippi. Defendant asserts to the contrary, that it is within the discretion of the Court to remand when the defect in removal is merely procedural, rather than based upon subject matter jurisdiction.

The statute setting forth the procedure for removal of cases provides in relevant part as follows:

A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the *district and division within which such action is pending* a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal ...

28 U.S.C. § 1446(a) (emphasis added). There is no dispute that this action was removed improperly to this Court, rather than to the court in the "district and division" where the action was pending. 28 U.S.C. § 1446(a). 28 U.S.C. § 1447 is also relevant to this action as it sets forth the procedures which govern an action after removal:

A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, *the case shall be remanded.*

28 U.S.C. § 1447(c) (1988) (emphasis added). This statute was amended in 1988 to remove language which required remand upon any procedural or substantive defect in removal. The former version of the statute provided, in part, that "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case...." 28 U.S.C. § 1447(c) (1964). From a plain reading of both statutes, the new statute no longer *requires* remand if the defect in removal is merely procedural, rather than jurisdictional. Because the defect here is merely procedural, this Court has discretion in determining whether the case should be remanded. *See* 15 Charles A. Wright et al., *Federal Practice and Procedure* § 3826, at 256–57 (1986) (noting that venue is not a matter of jurisdiction, and any objections to venue are waived if not raised by the defendant); *see also Glover v. W.R. Grace & Co.*, 773 F.Supp. 964, 965 (E.D.Tex. 1991) (concluding that the court "is only *required* to remand if it lacks subject matter jurisdiction" and that the case should not be remanded based upon a procedural defect because the defendant was "an alien corporation, a member of the class of defendants the framers of the Constitution and Congress sought to protect in allowing for diversity jurisdiction."); *White v. Enron Corp. Merger Severance*, 686 F.Supp. 582, 583 (S.D.Tex. 1987) (concluding that because the court has original jurisdiction over ERISA actions, the case should not be remanded based upon a formality).

Plaintiff relies upon *Scarmardo v. Mooring*, 89 F.Supp. 936, 937 (S.D.Tex.1950), for the proposition that this case must be remanded because it was removed to the wrong federal court. The facts of *Scarmardo* are virtually the same as the facts in this case, i.e., the defendant removed the action to a

---

1. Defendant referred to the Coroner's Report in its Memorandum Brief in Opposition as attached

Exhibit B. Defendant failed, however, to attach a copy of the Coroner's Report to the brief.

district court in Texas which was not within the district and division where the action was pending as required by 28 U.S.C. § 1446. The *Scarmardo* court, however, was required to remand the case under the prior version of 28 U.S.C. § 1447(c). As noted previously, the new version of this statute does not require remand unless the defect in removal is jurisdictional.

Defendant asserts that the reason the action was removed to this Court is because Defendant believed the Plaintiff's Complaint should be removed to the proper federal court venue under 28 U.S.C. § 1391 which provides, in part, as follows:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought on in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). According to the Defendant, because the deceased husband of the Plaintiff allegedly committed suicide in Simpson County, Mississippi, the actions giving rise to the claims of the Plaintiff arose in this judicial district. Plaintiff has not asserted that venue is improper in this district, only that Defendant has procedurally violated the removal statute.

The Court finds that the case should not be remanded to state court. This Court has subject matter jurisdiction over this action because of the complete diversity of the parties. Furthermore, venue could well be appropriate in this district. Plaintiff is free to object to the venue of this Court if she chooses to do so.[2] The Court cautions counsel for the Defendant, however, that ordinarily it is the right of the Plaintiff to choose

venue where venue is proper in more than one district. The proper way to challenge the venue in this case would have been to remove this action to the United States District Court for the Northern District of Mississippi, then move to change the venue to this district. Because this procedural mistake has not prejudiced the Plaintiff in any manner, the Court will not remand the case to state court.

### III. *Conclusion*

For the reasons set forth above in this Memorandum Opinion and Order, the Court finds that this case should not be remanded to state court.

IT IS THEREFORE ORDERED that the Plaintiff's Motion to Remand is hereby denied.

SO ORDERED.

---

2. The Court notes that generally the defendant in an action is the party who may object to venue. Because of the circumstances of this case, however, the Court would entertain any objection the Plaintiff may have to venue in this Court.