**Clayton HELLER, Plaintiff,**

v.

**KOMATSU FORKLIFT COMPANY, LTD., et al., Defendants.**

**No. 94 C 7177.**

United States District Court, N.D. Illinois, Eastern Division.

Dec. 9, 1994.

Steven Fuoco, Chicago, IL, for plaintiff.

Kevin Owens, Brian Bell, Chicago, IL, for defendants.

### MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

This Court's December 5, 1994 memorandum opinion and order (the "Opinion") identified both some jurisdictional and some non-jurisdictional problems posed by the Notice of Removal (the "Notice") filed by Wisconsin Lift Truck Corp. ("WLT"). Because it appeared quite likely that the flaws would prove to be curable, even though 28 U.S.C. § 1447(c)[1] literally mandated remand to the state court, this Court deferred transmittal of the mailing of the remand order until December 15, 1994 under this District Court's General Rule ("GR") 30(B).

WLT yesterday filed a timely Petition for Reconsideration coupled with an Amendment to the Notice. Although everything reflected in that current filing could and should have been set out in the original Notice, federal practice (particularly federal jurisdiction) is not based on a grading system—except of course when it is first being learned in law school. No practitioner's failing grade need prove fatal to the practitioner's client (though that can certainly happen—see, e.g., the line of cases exemplified by *Link v. Wabash R.R.*,

---

**1.** All further references to Title 28's provisions will simply take the form "Section—."

370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962)).

In this instance the missing information as to citizenship (discussed in Opinion 869 F.Supp. at 605) has now been provided, establishing the existence of federal jurisdiction in the diversity-of-citizenship terms defined by Section 1332. And the nonjoinder of all served defendants (discussed in Opinion *id.*) has been cured by the timely consent to removal that has now been filed by Komatsu Forklift (U.S.A.), Inc.[2] (it is timely because we are still within the 30–day time clock from the earliest time that any defendant (in this case WLT) was served; see *Scialo v. Scala Packing Co.*, 821 F.Supp. 1276 (N.D.Ill.1993) and cases cited there).

That leaves open only WLT's counsel's careless choice of the Eastern Division instead of the Western Division of this Northern District of Illinois as the situs for removal, in contravention of Section 1446(a). That kind of mistake would appear to be expressly curable under Section 1406(a),[3] and this Court orders that this action be transferred to the Western Division for the Northern District of Illinois. This time there is no reason for delay, and as authorized in GR 30(A) this Court directs that the case be transferred forthwith.

---

**2.** Remaining defendant Komatsu Forklift Company, Ltd. has not yet been served with process according to WLT's current filing.

**3.** WLT's current filing has cited *Scarmardo v. Mooring,* 89 F.Supp. 936 (D.C.Tex.1950) as holding that the filing of removal papers in the wrong federal judicial district is a jurisdictional (and hence incurable) defect. That description of *Scarmardo* is accurate, but the result reached in the decision itself seems open to serious question. After all, the provisions of Title 28 governing the permissible districts within which to bring suit—venue—are also expressed in terms of defining the *only* places where actions may be brought (see, e.g., Sections 1391(a) and (b)). Yet traditionally a party's choice of the wrong venue is not viewed as failing to vest the forum with subject matter jurisdiction, and thus improper venue (as contrasted with the absence of jurisdiction) is treated as waivable (see Section 1406(b)). But jurisdiction is after all jurisdiction, and this Court cannot confer it if it does not exist. If WLT is concerned as to the validity of this transfer order, it still has a *very* brief opportunity to file afresh in the Western Division.