

George G. Guthrie, William Scott Wickline, Teresa K. Thompson, Allen Guthrie & McHugh, Charleston, WV, for Plaintiff.

R. Kemp Morton, Marvin Capehart, II, Huddleston, Bolen, Beatty, Porter & Copen, Huntington, WV, for Defendant.

**John D. HARRAH, M.D., Plaintiff,**

v.

**TRUSTMARK INSURANCE COMPANY, Defendant.**

**No. CIV.A. 2:02–1078.**

United States District Court, S.D. West Virginia, Charleston Division.

Oct. 25, 2002.

*MEMORANDUM OPINION AND ORDER DENYING REMAND*

HADEN, Chief Judge.

Pending is Plaintiff's motion to remand this action to the Circuit Court of Kanawha County. The motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This action, alleging breach of contract, Unfair Trade Practices Act and fraud

claims, was filed originally in the Circuit Court of Kanawha County, West Virginia, on July 29, 2002. Defendants were served with a copy of the Summons and Complaint on the same date. Kanawha County is in this Court's Charleston Division. The claims are between a citizen of West Virginia and a corporate defendant, resident in Illinois. The parties do not dispute the amount in controversy exceeds $75,000.

On August 27, 2002 Defendant's counsel presented the removal notice to the Clerk of the Southern District of West Virginia, Huntington Division. The removal notice was captioned "at Huntington" and purported to remove the action to that division. When the notice was presented to the Clerk in Huntington, that person realized the action should be removed to the Charleston division because it was being removed from state court in Kanawha County. Following a telephone conversation with Defendant's counsel, the notice was accepted, assigned the Charleston civil action number it now bears, docketed, and physically transferred to the Charleston Clerk's office.

Plaintiff now moves to remand, arguing Defendant's removal procedure fails to meet the statutory requirements. The Court disagrees.

## II. DISCUSSION

Removal of cases from state to federal court is governed by statute. Section 1441 of Title 28, United States Code, provides:

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the *district and division* embracing the place where such action is pending.

28 U.S.C. § 1441(a)(emphasis added). Additionally, § 1446 provides the proper procedure for removal:

A defendant ... desiring to remove any civil action ... from a State court shall file in the district court of the United States for the *district and division* within which such action is pending a notice of removal[.]

28 U.S.C. § 1446(a)(emphasis added).

The parties do not dispute that district courts have original jurisdiction over this diversity action under 28 U.S.C. § 1332(a)(1). They also agree the removal notice was timely filed, "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b). Under that rule, removal must have been completed by August 28, 2002. The sole disagreement is whether the action was removed properly to the appropriate division.

Plaintiffs urge reliance on *Willingham v. Creswell–Keith, Inc.,* 160 F.Supp. 741, 743–44 (W.D.Ark.1958)(stating case removed to the wrong division or district should be remanded to the state court). In *Willingham,* however, the court also lacked subject matter jurisdiction, *id.* at 744, rendering its opinions on any other matters purely advisory. Plaintiffs also cite *Anton Leasing, Inc. v. Engram,* 846 F.2d 69, 1988 WL 33381 (4th Cir.1988)(unpublished decision) where a *pro se* plaintiff attempted to remove an action from a Maryland state court to the Southern District of West Virginia. *Anton* affirmed the remand of a case removed to the wrong district, not the situation here. Similarly, in *Addison v. North Carolina Dep't of Crime and Public Safety,* 851 F.Supp. 214 (M.D.N.C.1994)(collecting cases), removal of an action to the wrong district was improvident. The improvidence in *Addison,* however, was based on

the defendant's *deliberate* removal to the wrong district and unsupported factual representations about removal-related matters to the court. *Id.* at 217–18.

Here, the action was removed to the correct district. The only case in this circuit concerning removal to the wrong division, *Heniford v. American Motors Sales Corp.*, 471 F.Supp. 328, 338 (D.S.C. 1979), *dismissed without opposition,* 622 F.2d 584 (4th Cir.1980), held the action should not be remanded where defendant's removal petition "alleges sufficient jurisdictional grounds and would have been subject to amendment if the deputy clerk of this Court had not advised it, upon filing, of the incorrect designation of division of this Court." Interestingly, the opposite situation, more helpful to the removing party, obtains here. The clerk advised upon filing of the *correct* designation of division and the case was so filed, numbered, and docketed. For these reasons, the Court concludes that although Defendant, through accident or mistake, attempted to remove the action to the Huntington division, through the good offices of our alert clerk, it was actually removed to the correct division, the Charleston division, of the Southern District of West Virginia.

The question then remains whether Defendant's procedural failure physically to present the removal notice in the proper division requires remand. The Court concludes it does not. The local rules allow for papers to be filed at any of the clerk's offices in the district, "[i]n emergency situations, due to travel conditions, time limitations or other factors." L.R. Gen. P. 7.03. Here, the notice was due the following day, so timeliness was a concern. Other factors also made this a reasonable procedure. The papers were present at the Huntington Clerk's office more than an hour's drive from Charleston, the appropriate division was correctly identified and the case was docketed. To insist the notice should be withdrawn, driven to Charleston, and refiled would require a foolish consistency to trump a reasonable interpretation of the local rules.

## III. CONCLUSION

The Court **FINDS** and **CONCLUDES** this civil action was correctly removed from the state court in Kanawha County to the Charleston Division of this district. Plaintiff's motion to remand is DENIED.

The Clerk is directed to send a copy of this Order to counsel of record and publish on the Court's website at http://www.wvsd.uscourts.gov